UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAXON MORTGAGE SERVICES, INC., *et al.*, | No. C-08-4357 EMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | **(Docket No. 7)** |
| RUTHIE B. HILLERY, *et al.*, | |
| Defendants. _____/ | |

Plaintiffs Saxon Mortgage Services, Inc. and Consumer Solutions REO, LLC have filed suit against Defendants Ruthie B. Hillery and the Spielbauer Law Firm, asserting claims for, *inter alia*, declaratory relief pursuant to the Truth in Lending Act ("TILA"). Currently pending before the Court is Defendants' motion to dismiss. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to dismiss. The dismissal shall be without prejudice, and Consumer shall have leave to amend.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Based on the record submitted, it appears that Ms. Hillery is the owner of certain real property located at 2119 Goff Avenue, Pittsburg, California. That property is her home. On or about August 18, 2006, Ms. Hillery obtained a loan in the principal sum of $366,000 from New Century Mortgage Corporation. *See* Compl., Ex. A (Deed at 2). A deed of trust for Ms. Hillery's home secured to New Century repayment of the loan. *See* Compl., Ex. A (Deed at 3).

Pursuant to the deed of trust, Mortgage Electronic Registration Systems, Inc. ("MERS") was named as nominee for New Century and its successors. *See* Compl., Ex. A (Deed at 2-3). In

addition, MERS was designated the beneficiary of the deed. Notably, the deed provided that even though MERS held "only legal title to the interests granted by [Ms. Hillery] in this Security Instrument," MERS was given the right "if necessary to comply with law or custom . . to exercise any or all of those interests [granted by Ms. Hillery], including, but not limited to, the right to foreclose and sell the Property [*i.e.*, Ms. Hillery's home], and to take any action required of [New Century] including, but not limited to, releasing and canceling [the deed of trust]." Compl., Ex. A (Deed at 3).

Apparently, within three days of obtaining the loan from New Century, Ms. Hillery tried to rescind the loan transaction pursuant to TILA. *See* Compl. ¶ 16 & Ex. C (cancellation, dated 8/21/06). Approximately a year later, on September 28, 2007, Saxon -- acting as the servicer for the loan -- stated that it had received Ms. Hillery's request to rescind. According to Saxon, it was "prepared to resolve [the] claim provided [that Ms. Hillery] accomplish[] the rescission by paying [$266,379.31] with[in] 30 days and returning [an] enclosed Settlement Agreement and Release." Compl., Ex. E (letter, dated 9/28/07).

Almost a year later, on or about June 20, 2008, MERS, acting as nominee for New Century, assigned the deed of trust to Consumer. In the assignment, MERS claimed to assign not only the deed of trust but also the promissory note itself (*i.e.*, the debt owed by Ms. Hillery to New Century for the loan that was extended to her). *See* Compl., Ex. D (assignment, recorded on 7/21/08). However, there is no evidence of record that New Century ever assigned MERS the promissory note or otherwise gave MERS the authority to assign the note.

On September 17, 2008, both Consumer and Saxon initiated this action against Ms. Hillery and her counsel, the Spielbauer law firm, asserting claims for, *inter alia*, declaratory relief pursuant to the Truth in Lending Act ("TILA"). Defendants responded by filing the currently pending motion to dismiss.

## II.   DISCUSSION

In their motion, Defendants argue that they are entitled to dismissal based on insufficient service of process, lack of subject matter jurisdiction, lack of standing, failure to state a claim for relief, and failure to join an indispensable party. Each of the arguments is addressed below.

2

A.    Service of Process

Federal Rule of Civil Procedure 4 governs service of process. Rule 4(e) applies to individuals such as Ms. Hillery. Because Thomas Spielbauer does business as the Spielbauer Law Firm, *see* Spielbauer Decl. at 1, service of process as to the Spielbauer Law Firm is also controlled by Rule 4(e). Under Rule 4(e), service may be effected on an individual by, *inter alia*, "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," Fed. R. Civ. P. 4(e)(2)(B), or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Service may also be effected pursuant to state law -- here, California law. *See* Fed. R. Civ. P. 4(e)(1). Under California law, "substitute service" is permissible. *See* Cal. Code Civ. Proc. § 415.20(b). The relevant statute provides as follows:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. Proc. § 415.20(b).

1.    Ms. Hillery

According to Plaintiffs, substitute service was effected on Ms. Hillery in accordance with § 415.20(b) above. In support of this contention, Plaintiffs have offered a proof of service signed by a process server under penalty of perjury. The proof of service reflects that a copy of the summons and complaint were left with a member of the household over the age of 18 (a description of the person is provided in the proof of service) and that thereafter the documents were mailed to Ms. Hillery. The proof of service also reflects that, prior to resort to substitute service, service was attempted on Ms. Hillery personally two times. Thus, Plaintiffs have presented a prima facie case of

3

valid service pursuant to § 415.20(b), and, under Ninth Circuit law, the prima facie case may "be overcome only by strong and convincing evidence." *SEC v. Internet Solns. for Bus., Inc.*, 509 F.3d 1161, 1167 (9th Cir. 2007) (internal quotation marks omitted).

The Court finds that Ms. Hillery has failed to provide strong and convincing evidence that service was not proper. In so finding, the Court acknowledges the declarations provided by Ms. Hillery and her grandson, Tyrone Thames. However, those declarations are not enough to overcome the prima facie case established by Plaintiffs. For example, even if Mr. Thames was not personally served with the summons and complaint, and even if he found the papers on Ms. Hillery's doorstep, *see* Thames Decl. at 1-2, that does not mean that there was not another member of the household who did receive the papers and who then left them on the doorstep. Defendants have not provided any evidence indicating that the only occupants of the household are Ms. Hillery and her grandson.

Accordingly, Defendants' motion to dismiss the action with respect to Ms. Hillery on the basis of insufficient service of process is denied.

2.      Spielbauer Law Firm

At the time that Defendants filed their motion to dismiss (*i.e.*, on October 17, 2008), in which they contested, *inter alia*, the adequacy of service of process, it appears that service had not yet been effected on the Spielbauer Law Firm. Rather, as reflected in a proof of service signed by a process server under penalty of perjury, service was accomplished approximately a week later on October 24, 2008. More specifically, service was made by delivering a copy of the summons and complaint on Moni Hannemon, the person in charge of the office and one authorized to receive service of process for the law firm.

In the reply brief, the Spielbauer Law Firm does not argue that Ms. Hannemon was not authorized to receive service of process. Rather, its only contention is that Plaintiffs deliberately served the law firm well after the allegedly improper service on Ms. Hillery in hopes of obtaining a "default upon her." Reply at 9. However, as discussed above, service on Ms. Hillery was proper. Moreover, under the federal rules, Plaintiffs were free to effect service on the law firm on a different timeline from service on Ms. Hillery, so long as service on each was accomplished within 120 days after the filing of the complaint. *See* Fed. R. Civ. P. 4(m). This was done.

4

Accordingly, the Court denies the Spielbauer Law Firm's motion to dismiss on the basis of insufficient service of process.

B.     Subject Matter Jurisdiction

Defendants argue next that dismissal in the instant case is warranted for lack of subject matter jurisdiction. Plaintiffs' position is that there is subject matter jurisdiction based on their claim for declaratory relief. According to Plaintiffs, "[t]here is no legitimate doubt that, were [Ms.] Hillery to have filed suit first, her claims would have included allegations of TILA violations." Opp'n at 6.

"A person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there." *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997). Of course, the Declaratory Judgment Act does not by itself confer subject matter jurisdiction. Rather, there must be an independent basis for such jurisdiction -- *i.e.*, federal jurisdiction over the suit that could have been brought by the defendant. Moreover, a declaratory judgment action is justiciable only "if 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996). *See Rhoades v. Avon Prods.*, 504 F.3d 1151, 1157 (9th Cir. 2007) ("'[A]n action for a declaratory judgment that a patent [or trademark] is invalid, or that the plaintiff is not infringing, [presents] a case or controversy if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product.'").

Based on the record submitted, the Court concludes that Consumer had a reasonable apprehension that it would face an action by Ms. Hillery over which this Court would have original jurisdiction -- *i.e.*, a TILA rescission claim. Prior to filing the lawsuit, Saxon (as the then-loan servicer) and MERS (as nominee for New Century, Consumer's alleged predecessor-in-interest) had received letters from Ms. Hillery's counsel, Mr. Spielbauer, in which he argued, *inter alia*, that Ms. Hillery, in accordance with her rights under TILA, had rescinded the loan transaction with New Century on August 21, 2006. Mr. Spielbauer also argued that the TILA disclosures that were given to Ms. Hillery were -- to the extent they existed -- so inaccurate so as to invalidate the loan

5

transaction and subject it to rescission. *See* Mot., Ex. 5 (letters, dated May 24, 2008). Notably, Mr. Spielbauer stated that "Ms. Hillery is prepared to file suit to have this loan declared void" if required by the servicer or note holder to do so. Mot., Ex. 4 (letters, dated May 24, 2008).

Citing *Hagans v. Lavine*, 415 U.S. 528 (1974), Defendants argue that a federal claim that is insubstantial cannot serve as the basis for federal question jurisdiction; -- *i.e.*, if it is "essentially fictitious" or "obviously frivolous." *Id.* at 538 (internal quotation marks omitted). *See* Mot. at 19. But Defendants have failed to demonstrate TILA rescission claim identified by Plaintiffs would be insubstantial. Ms. Hillery threatened to bring a TILA rescission claim so the claim cannot be characterized as fictitious. Moreover, such a claim is not obviously without merit. For example, the claim is not obviously time barred since Ms. Hillery does not appear to be seeking any damages as relief but rather only rescission of the loan transaction and thus, as all parties agreed at the hearing, was well within the three year statute of limitations under 15 U.S.C. § 1635(f).[1]

Accordingly, the Court concludes there is federal question jurisdiction over Consumer's claim for declaratory relief.

---

[1] If Ms. Hillery were seeking damages pursuant to TILA, then that claim would be subject instead to a one-year statute of limitations. *See* 15 U.S.C. § 1640(e) (stating that "[a]ny action under this section [which authorizes individual or class actions for damages] may be brought . . . within one year from the date of the occurrence of the violation"); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (noting that "[s]ection 1640(e) provides that an action for [statutory and actual] damages 'may be brought' within one year after a violation of the Act").

However, "[t]he right to rescind is not dependent upon the one year statute of limitations period for a claim for damages." *Rudisell v. Fifth Third Bank*, 622 F.2d 243, 248 (6th Cir. 1980); *see also* ; *Knox v. Ameriquest Mortg. Co.*, No. C-05-00240 SC, 2005 U.S. Dist. LEXIS 40709, at *9-10 (N.D. Cal. Aug. 10, 2005) (Conti, J.) (distinguishing TILA damage claims and TILA rescission claims). Where an obligor brings a claim for rescission only based upon the creditor's failure to provide material disclosures required by TILA, then there is a three-year statute of limitations under § 1635(f). *See* 12 C.F.R. § 226.23(a)(3) ("Regulation Z") (providing that "[t]he consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice [of the right to rescind], or delivery of all material disclosures"; adding that, "[i]f the required notice or material disclosurse are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first"). *See, e.g.*, *McCoy v. Harriman Utility Bd.*, 790 F.2d 493, 496 (6th Cir. 1986) (stating that, if the material disclosures are made by the creditor, then under § 1635(a) the obligor has only three days to rescind; however, if the disclosures are not made, then the obligator has the right to rescind for up to three years pursuant to § 1635(f)). As noted above, one of the bases for rescission asserted by Ms. Hillery was the failure to provide material disclosures.

C.  Standing

Defendants contend that, even if there is subject matter jurisdiction, both Consumer and Saxon lack standing to pursue this litigation.[2] It is well established that a plaintiff must prove standing by showing: (1) injury in fact; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that a favorable outcome will redress the injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

1.  Consumer

Consumer seeks, in essence, to "enforce the [Promissory] Note and Deed of Trust if [Ms.] Hillery does not pay the Rescission Balance by a date set by this Court." Compl. ¶ 27. Thus, as Consumer itself acknowledges, to proceed with this action, it must demonstrate that it is the holder of not only the deed of trust but also the promissory note. If not, it has no injury in fact. *See In re Foreclosure Cases*, 521 F. Supp. 2d 650, 653 (S.D. Oh. 2007) (stating that, "[t]o show standing in a foreclosure action, . . . the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed [and] . . . that the holder of the note and mortgage is harmed, usually by not having received payments on the note").

There is evidence that the deed of trust was transferred to Consumer. As noted above, New Century designated MERS the beneficiary of the deed and gave MERS broad authority to act with respect to the property. *See* Compl., Ex. A (Deed at 3) (stating that MERS "has the right to exercise any or all of those interests [granted by Ms. Hillery] in this Security Instrument"). The Court thus assumes MERS had the power to assign the deed to Consumer, which it apparently did on or about June 20, 2008. *See* Compl., Ex. D (assignment, recorded on 7/21/08).

However, for there to be a valid assignment, there must be more than just assignment of the deed alone; the note must also be assigned. *See Carpenter v. Longan*, 83 U.S. 271, 274 (1872) (stating that "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident"; adding that "[a]n assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity"); *In re Leisure Time Sports, Inc.* 194 B.R. 859, 861 (9th Cir. 1996)

---

[2] Defendants' argument that Plaintiffs have failed to state a claim for relief essentially duplicates the standing argument.

1 (stating that "[a] security interest cannot exist, much less be transferred, independent from the
2 obligation which it secures" and that, "[i]f the debt is not transferred, neither is the security
3 interest"); *Kelley v. Upshaw*, 39 Cal. 2d 179, 192 (1952) (stating that assigning only the deed
4 without a transfer of the promissory note is completely ineffective); *see also* Restatement (3d) of
5 Property (Mortgages) § 5.4 (stating that "[a] mortgage may be enforced only by, or in behalf of, a
6 person who is entitled to enforce the *obligation* that the mortgage secures") (emphasis added).  As
7 *Kelley* establishes, this is true under California law which presumably applies here.

8 　　　　As noted above, MERS purportedly assigned both the deed of trust and the promissory note
9 to Consumer.  *See* Compl., Ex. D (assignment, recorded on 7/21/08).  However, there is no evidence
10 of record that establishes that MERS either held the promissory note or was given the authority by
11 New Century to assign the note.  Indeed, Consumer's own complaint contains only an allegation
12 about assignment of the deed of trust -- and not the note.  *See* Compl. ¶ 17 (alleging that "New
13 Century assigned its beneficial interest of the Deed of Trust to Plaintiff Consumer Solutions").

14 　　　　Accordingly, the Court concludes that there is insufficient evidence that Consumer has
15 standing to proceed with this litigation.  Dismissal is therefore warranted.[3]  The dismissal, however,
16 shall be without prejudice, and Consumer shall be given leave to file an amended complaint.  Such a
17 complaint must include not only allegations that Consumer is the current holder of both the deed of
18 trust and promissory note but also evidence supporting such.  The amended complaint must be filed
19 no later than **December 19, 2008**.  Defendants shall then have until **January 30, 2009**, to file a
20 response.  A case management conference shall thereafter be held on **February 4, 2009**, at 1:30 p.m.

21 　　　　2.　　　Saxon

22 　　　　Whether or not Saxon, the servicer of the loan, has standing in the instant case rises and falls
23 with whether or not Consumer has standing.  *See In re Kang Jin Hwang*, 393 B.R. 701, 712 (C.D.
24 Cal. 2008) (indicating that a loan servicer cannot bring an action without the holder of the

---

26 　　[3] In their motion to dismiss, Defendants further argue for dismissal based on failure to join an indispensable party.  At this juncture, the Court cannot make any determination about joinder because it is not clear who currently owns the promissory note at issue.  The bottom line is that if, as Consumer claimed at the hearing on the motion to dismiss, it currently owns the promissory note, then there will likely be no joinder problem.

1 promissory note). That is, if Consumer can demonstrate that it is the owner of both the deed of trust
2 and the promissory note, then it was proper for Saxon to have been named a plaintiff at the outset of
3 the litigation along with Consumer.

4 Defendants contend that Saxon cannot have standing because it was no longer the servicer of
5 the loan at the time the original complaint was filed on September 17, 2008. The Court does not
6 agree. The evidence of record indicates that Saxon did transfer loan servicing to another entity,
7 EverHome Mortgage Company ("EverHome"), but the transfer was effective after the date of the
8 filing of the complaint, *i.e.*, on October 1, 2008. *See* Mot., Ex. 7 (letter, dated 9/16/08, notifying Ms.
9 Hillery that, effective 10/1/08, EverHome Mortgage Company would be the loan servicer).

10 Of course, it does appear that, currently, Saxon is no longer the loan servicer. Because the
11 Court is requiring that an amended complaint be filed, Plaintiff may want to substitute Saxon out of
12 the complaint. *See* Fed. R. Civ. P. 25(c) (providing that, "[i]f an interest is transferred, the action
13 may be continued by or against the original party unless the court, on motion, orders the transferee
14 to be substituted in the action or joined with the original party"); *see also Hilbrands v. Far East*
15 *Trading Co.*, 509 F.2d 1321, 1323 (9th Cir. 1975) (noting that defendant "never made a motion for
16 substitution, only the motion for summary judgment against [plaintiff]" and therefore she should
17 "have been permitted to continue the action").

18 D.    Attorney-Client Privilege

19 In their reply brief, Defendants ask the Court to find that Plaintiffs waived their attorney-
20 client privilege with respect to their counsel's files in the matter because of statements made by
21 Jonathan Fink, one of their attorneys, in his declaration in support of the opposition to the motion to
22 dismiss. Although the request should have been made in a separately noticed motion, the Court
23 rejects it now because it is completely without merit. The attorney-client privilege protects only

24 ///
25 ///
26 ///
27 ///
28 ///

9

confidential communications, *see United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002), and there is nothing in Mr. Fink's declaration that could be characterized as a confidential communication.

This order disposes of Docket No. 57.

IT IS SO ORDERED.

Dated:  December 9, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

10