FAEGRE & BENSON LLP
Charles F. Webber (admitted *pro hac vice*)
Jana M. Gaffaney (admitted *pro hac vice*)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Tel. (612) 766-7000; Fax (612) 766-1600
cwebber@faegre.com; jgaffaney@faegre.com

WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., CA State Bar No. 167280
Jonathan D. Fink, Esq. CA State Bar No. 110615
4665 MacArthur Court, Suite 280
Newport Beach, California 92660
Tel. (949) 477-5050; Fax (949) 477-9200
rfinlay@wrightlegal.net; jfink@wrightlegal.net

Attorneys for Plaintiff, Consumer Solutions REO, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER SOLUTIONS REO, LLC, a Delaware limited liability company,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>RUTHIE B. HILLERY, an individual; THE SPIELBAUER LAW FIRM, an unknown business entity; and DOES 1 through 50, inclusive,<br><br>　　Defendants. | Case No. 08-CV-04357 EMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COUNTERCLAIM FOR FAILURE TO STATE A CLAIM FOR RELIEF**<br><br>**[FRCP Rule 12(b)(6), (e) and (f)]**<br><br>**Date:** November 25, 2009<br>**Time:** 10:30 a.m.<br>**Ctrm.:** C |
| RUTHIE HILLERY,<br><br>　　Counter-Claimant,<br><br>　　vs.<br><br>CONSUMER SOLUTIONS REO, LLC, a Delaware limited liability company; | [Assigned to Hon. Edward M. Chen] |

| | |
|---|---|
| SAXON MORTGAGE SERVICES, INC.; | ) |
| and MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., | ) |
| | ) |
| Counter/Cross-Claim Defendants. | ) |
| | ) |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **November 25, 2009 at 10:30 a.m.** in Courtroom C of the above-entitled Court, located at **450 Golden Gate Avenue, San Francisco, California**, Plaintiff and Cross-Defendant, Consumer Solutions REO, LLC, a Delaware limited liability company ("Consumer Solutions"), will move this Court for an Order dismissing the Amended Counterclaim of Defendant Ruthie B. Hillery ("Hillery") pursuant to FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that, reviewing the non-conclusionary allegations of the complaint, Cross-Claimant has failed to plead the essential facts which give rise to her claims and/or the claims are barred on their face and/or as a result of matter which may properly be judicially noticed by the Court.

This Motion will be based upon this Notice, the attached memorandum of points and authorities, the complete files and records in this action, the documents of which this Court is being requested to take judicial notice, the oral argument of counsel and such other and further evidence as the Court might deem proper.

Dated: October 9, 2009

                               FAEGRE & BENSON LLP

                               *s/ Jana M. Gaffaney*

                               by Jana M. Gaffaney, Esq.
                               Attorneys for Plaintiff, Consumer Solutions REO, LLC

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................. 1

    Introduction .............................................................................................. 1

    Analysis ................................................................................................... 4

I.   Hillery's Elder-Abuse, Fraud, Joint-Venture, and Punitive-Damages Claims Fail Because She Has Pleaded No Different Facts Than She Pleaded in Her Original Counterclaims. ............. 4

    A.   Hillery Pleads The Identical Elder-Abuse Claim That This Court Has Already Dismissed ................................ 4

    B.   Hillery Has Failed To Add Any Additional Specificity Supporting Her Fraud Claim Against Consumer Solutions. .................................................................................. 6

    C.   Hillery's Amended Counterclaim Pleads The Identical Allegations Of Joint Venture That This Court Already Dismissed. .................................................................................. 7

    D.   Hillery's Punitive-Damages Claim Is Unsupported. .......... 7

II.   Hillery's Claim For Rescission Under TILA Fails Because Hillery Does Not Actually Seek Or Want Rescission, and Her Requested Remedies Are Unavailable Under TILA. ................... 8

    A.   Hillery's Attempt To Reassert Her Damage Claim Under TILA is Meritless. ........................................................... 8

    B.   Hillery's Requested Relief Under TILA—A Declaration that She Owns The Property Outright Without Obligation To Pay The Mortgage—Is Not Available Under TILA. ...... 9

    C.   Hillery Does Not Actually Want, And Cannot Actually Effect, Her Claim For Rescission. ................................... 10

III.   Hillery Filed Her Amended Counterclaim For The Sole Purpose Of Delaying These Proceedings; She Should Be Required To Pay Consumer Solutions' Costs, Expenses, And Fees For Bringing This Motion. ............................................................. 11

    Conclusion ............................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) ................................................................................. 1, 4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..................................................................................... 1, 4

*Cousins v. Lockyer*,
 568 F.3d 1063 (9th Cir. 2009) ........................................................................ 5

*La Grone v. Johnson*,
 534 F.2d 1360 (9th Cir. 1976) ...................................................................... 10

*Mack v. South Bay Beer Distribs., Inc.*,
 798 F.2d 1279 (9th Cir. 1986) ........................................................................ 2

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) .......................................................................... 7

*Weber v. Dep't of Veterans Affairs*,
 521 F.3d 1061 (9th Cir. 2008) ........................................................................ 4

*Wible v. Aetna Life Ins. Co.*,
 375 F. Supp. 2d 956 (C.D. Cal. 2005) ............................................................ 2

*Yamamoto v. Bank of N.Y.*,
 329 F.3d 1167 (9th Cir. 2003) ................................................................. 10, 11

**STATE CASES**

*117 Sales Corp. v. Olsen*
 (1978) 80 Cal. App. 3d 645 ............................................................................ 7

*Taylor v. Mitzel*
 (1978) 82 Cal. App. 3d 665 ............................................................................ 7

**NOTICE OF MOTION AND MOTION TO DISMISS**

**FEDERAL STATUTES**

15 U.S.C. § 1635 ................................................................................................................9

15 U.S.C. § 1635(b) ..........................................................................................................10

15 U.S.C. § 1640(e) .........................................................................................................8, 9

15 U.S.C. § 1641(f)(2) .......................................................................................................9

28 U.S.C. § 1927 ...........................................................................................................1, 12

28 U.S.C. § 1927: ..............................................................................................................11

**STATE STATUTES**

Cal. Civ. Code, § 3294 .......................................................................................................8

Cal. Civil Code § 47(c) ...................................................................................................4, 5

**RULES**

Fed. R. Civ. P. 12(d) ..........................................................................................................2

Rule 9 .................................................................................................................................1

Rule 9(b) .....................................................................................................................1, 6, 7

Rule 12(b)(6) ..................................................................................................................2, 4

Rule 12(b)(6): ....................................................................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

Consumer Solutions is moving to dismiss all of the counterclaims in Ruthie Hillery's Amended Counterclaim, and for sanctions under 28 U.S.C. § 1927. Consumer Solutions does not invoke Section 1927 lightly, but it is warranted in this case.

On August 26, 2009, this Court entered an order dismissing nearly all of Ruthie Hillery's counterclaims against Consumer Solutions. [Doc. 70.] Most of the dismissals were with prejudice, but the Court gave Hillery an opportunity to amend her complaint with respect to three claims: (1) elder abuse; (2) fraud; and (3) joint venture/conspiracy. [*Id.* at 25.] As to each of these claims, the Court cautioned Hillery that she was required to plead sufficient additional facts in her amended pleading to meet the requirements of *Twombly* and *Iqbal* and, where applicable, Rule 9(b). [*Id.* at 21, 22, 24, 25.]

Ms. Hillery has ignored this Court's order and filed an Amended Counterclaim that pleads the <u>exact same facts</u> that the Court has already held are deficient under *Iqbal*, *Twombly*, and Rule 9. [Doc. 71.] The only differences between Hillery's original counterclaim and her Amended Counterclaim (other than deletion of <u>some</u> of the claims that the Court dismissed with prejudice) are a few reworded sentences sprinkled throughout the pleading, presumably in an effort to make it appear as if Hillery actually changed her claims. But these "amended" allegations do nothing more than restate the same facts asserted in Hillery's original counterclaim. [*Compare* Doc. 71 at ¶¶ 26, 73, 75, 81, 82, *with* Doc. 46 at p. 8 & ¶¶ 79 & 86.]

Hillery further ignores the Court's order by trying to sneak back into her Amended Counterclaim a damages claim and declaratory-judgment claim under the Truth in Lending Act (TILA)—a claim that the Court already dismissed <u>with prejudice</u>. [Doc. 70 at 5.]

Finally, the single claim that survived the Court's ruling on Consumer Solutions' motion to dismiss—Hillery's claim for rescission of her loan under TILA—now fails because it is undisputed (for reasons that Consumer Solutions will explain in a moment) that Hillery <u>does not actually seek or want rescission</u> of the loan. What she wants is some other remedy, such as outright ownership of the home without owing any money (*i.e.*, a free house), or a novation of the loan that would allow her to keep the house for less money. But TILA does not provide these remedies. Rescission under TILA requires Hillery to return the money that she borrowed (less certain statutory deductions), in exchange for return of the note and deed of trust. It is undisputed that she does not want that remedy, so the Court should dismiss her claim for TILA rescission.

Consumer Solutions was at a loss to understand why Ms. Hillery would brazenly replead claims that this Court had already dismissed, and make a half-hearted effort to make the claims look new by the simple expedient of rewording a few sentences. But Consumer Solutions now understands, for it has seen the website of Ms. Hillery's counsel.[1] http://www.spielbauer.com  A click on the "Testimonials" link takes the reader to a page featuring multiple pictures of counsel, dressed as a magician, pulling a rabbit out of a hat, under the caption: "Seems Like Magic . . . Its [sic] Really Skill." Decl. of Jana Gaffaney, Ex. A, *available at* http://www.spielbauer.com/testimonials.htm  Next to each picture of

---

[1] The content of Mr. Spielbauer's website is relevant to Consumer Solutions' motion to dismiss Ms. Hillery's TILA rescission claim and request for sanctions. If the website is no longer available when this Court reviews this motion, the relevant pages are included as Exhibit A to the Declaration of Jana M. Gaffaney. This Court may take judicial notice of Mr. Spielbauer's website and, therefore, may consider the content of the website in determining this motion to dismiss. *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005) (holding the court may take judicial notice of public records, including website content); *Mack v. South Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."). If the Court declines to consider the website content on a motion to dismiss, it may convert the relevant portions of Consumer Solutions' motion (*i.e.* the TILA rescission claim) to a motion for summary judgment. Fed. R. Civ. P. 12(d).

the magician is a testimonial from a client, often crowing about the fact that counsel was able to delay foreclosure proceedings for years, enabling the client to live in a house without having to make any mortgage payments. The last testimonial on the webpage that Consumer Solutions viewed speaks of entering into a "predatory loan" that the person tried to rescind. It continues:

> I went to another law firm who negotiated the rescission. However, two years after the loan, the value of my home went down by over $200,000 <u>and rescission no longer made any sense. * * * Then came Thomas Spielbauer of the Spielbauer Law Office. Spielbauer has conducted such a vigorous defense for me, a poor Black woman who is 72 years old, so vigorous that I am stunned. I am still living in my home despite Saxon's having commenced foreclosure in May 2008, and my not having made the demanded mortgage payments to Saxon or anyone else.</u>

*Id*. (emphasis added). The testimonial is attributed to "Ruthie H." and it cites the number of this case as a reference. *Id.*

It is obvious from Ms. Hillery's testimonial on her counsel's website that she is not interested in rescission of her loan. It is obvious that she is interested solely in living in her house without having to pay for it. And it is obvious that she seeks to delay these proceedings solely to accomplish that end. There is no other reason why someone would refile the same counterclaims that the Court has already dismissed, and demand rescission despite telling the world that it "no longer [makes] any sense" to demand it. *Id.*

The Court should dismiss all of Ms. Hillery's counterclaims against Consumer Solutions, this time with prejudice as to <u>all</u> of the counterclaims, and should order Ms. Hillery and/or her counsel to reimburse Consumer Solutions for the costs, expenses, and attorneys' fees that it incurred in having to make this motion to re-dismiss the claims that this Court previously dismissed.

## Analysis

The Court is very familiar with the standard for dismissal under Rule 12(b)(6): the Court must dismiss Ms. Hillery's counterclaims if, taking the facts in the light most favorable to her, the counterclaims fail to state a claim upon with relief can be granted. Fed. R. Civ. P. 12(b)(6). As this Court has already recognized, to survive a motion to dismiss, a complaint must "'plead "enough facts to state a claim to relief that is plausible on its face."'" [Doc. 70 (quoting *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007))]. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Hillery's complaint fails these standards.

### I. Hillery's Elder-Abuse, Fraud, Joint-Venture, and Punitive-Damages Claims Fail Because She Has Pleaded No Different Facts Than She Pleaded in Her Original Counterclaims.

#### A. Hillery Pleads The Identical Elder-Abuse Claim That This Court Has Already Dismissed.

As this Court previously recognized, Hillery's elder-abuse claim is based solely on her allegation that Consumer Solutions had no right to seek a nonjudicial foreclosure. [Doc. 70 at 19.] Consumer Solutions is protected by the qualified privilege under Cal. Civil Code § 47(c) as long as its conduct in seeking nonjudicial foreclosure was not malicious. [*Id.* at 21.] This Court dismissed Hillery's original elder-abuse claim for failing to allege sufficient facts to establish that Consumer Solutions acted with malice in initiating the nonjudicial foreclosure process, holding that her allegations were "insufficiently specific to make a plausible claim of malice (*e.g.*, failing to respond to letters)." [*Id.*] The Court

further directed Hillery that in any amended complaint she needed to "include specific allegations of malice." [*Id.*]

Hillery's Amended Counterclaim adds no additional specific allegations of malice. The only additional allegations that she includes are: (1) a conclusory allegation that all of the counterclaim defendants acted "to conceal the fact that they were seeking to impose upon Ruthie Hillery unlawful charges and fees," and (2) a claim that all of the counterclaim defendants are abusing Hillery by trying to collect the full mortgage amount because they allegedly purchased the mortgage for less than the full mortgage amount. [Doc. 71 at ¶ 26, 73, 75.][2]

Hillery's "new" allegations do nothing to save her elder-abuse claim against Consumer Solutions. The allegations are not allegations of fact at all, but are conclusory allegations, legal conclusions, and speculation, which are plainly insufficient to withstand a motion to dismiss.[3] *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Moreover, the allegations are against the counterclaim defendants as whole, and are not specific to Consumer Solutions; Ms. Hillery never explains what <u>Consumer Solutions</u> did that was wrong. Finally, by Hillery's reasoning, any creditor who has purchased debt seeking recovery of anything above what the creditor paid for that debt is acting with malice. Taken to its illogical conclusion, Hillery's reasoning would mean that any third party who has purchased debt would be precluded from collecting the full amount of the debt—in other words, there could be no secondary market for debt whatsoever. Clearly this is neither logical, nor the law. Hillery has failed to adequately plead malice as

---

[2] Paragraph 73 of the Amended Counterclaim tweaks the language in her elder abuse count by adding a sentence about the May and June 2008 notices of default, demands for arrearages, and MERS presenting itself as the legal beneficiary of the note and deed. These allegations, however, are not new, as they were included in the factual allegations of Hillery's original counterclaim. [*See* Doc. 46 at p. 8-9.]

[3] Similarly, though these conclusory allegations were not included in Hillery's Original Counterclaim, they are merely a summary of her arguments and conclusions, and do not constitute additional facts sufficient to survive a motion to dismiss.

5
**NOTICE OF MOTION AND MOTION TO DISMISS**

directed by this Court and, as a result, the Court should dismiss Hillery's elder-abuse claim, this time with prejudice.

### B. Hillery Has Failed To Add Any Additional Specificity Supporting Her Fraud Claim Against Consumer Solutions.

This Court dismissed Hillery's fraud claim for failure to plead with specificity under Rule 9(b). [Doc. 70 at 22.] Hillery's Amended Counterclaim (though including some minor reorganization and rephrasing) adds no new substantive, specific factual allegations supporting the alleged fraud. Indeed, the closest Hillery gets to attempting to plead additional facts supporting the claim is a conclusory allegation as to <u>all</u> counterclaim defendants as a group:

> Defendants concealed this information from Ruthie Hillery in order to hide the fact that the defendants were attempting to impose unlawful charges and fees upon Ruthie Hillery. They further misled Ruthie Hillery by telling her that she owed defendants the entire amount of the loan transaction with fees in their letters of communications during 2006 through September 2008, when they sued Ruthie Hillery. They demanded, fraudulently, $49,743.40 as arrears in May 2008.

[Doc. 71 ¶ 82.]

Though this is a new paragraph in the fraud count of the Amended Counterclaim, it simply restates the same facts that Ms. Hillery alleged in her original counterclaim. Hillery's Amended Counterclaim still does not, as directed by the Court, provide the "who, what, when, where and how" of the alleged fraud. [Doc. 70 at 22.] Significantly, her "new" allegations impermissibly lump the counterclaim defendants together as a group, without differentiating between them. But as the Ninth Circuit has recognized, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (citation

**NOTICE OF MOTION AND MOTION TO DISMISS**

omitted). Thus, Ms. Hillery's "new" fraud claim, like the fraud claim in her original counterclaim, fails to meet the requirements of Rule 9(b), and the Court should therefore dismiss the allegation, this time with prejudice.

### C. Hillery's Amended Counterclaim Pleads The Identical Allegations Of Joint Venture That This Court Already Dismissed.

This Court previously dismissed Hillery's joint-venture/conspiracy claim as moot, because all of her underlying claims were dismissed. [Doc. 70 at 24.] The Court noted that if Ms. Hillery did replead the claim, she must plead "a plausible claim of a conspiracy or a joint venture, not simply a conceivable one." [*Id.*]

Hillery's joint-venture/conspiracy claim fails for the exact same reasons this time around. First, Ms. Hillery's allegations supporting her joint-venture/conspiracy claims in the Amended Counterclaim are <u>identical</u> to those in her original counterclaim. [*Compare* Doc. 71 ¶ 11 *with* Doc. 46 ¶ 11.] As this Court recognized when dismissing her previous claim in this regard, her allegations are nothing more than generalities, presumptions, and conclusions, none of which are sufficient to establish a conspiracy under California law. *117 Sales Corp. v. Olsen,* 80 Cal. App. 3d 645, 649-50 (1978); *see also Taylor v. Mitzel,* 82 Cal. App. 3d 665, 674 (1978) (requiring "allegations of specific facts showing meetings, communications, correspondence or any indicia of a conspiracy...."). Second, Hillery's fraud and elder-abuse claims (upon which her joint-venture/conspiracy claim is premised) fail, which again moots her joint-venture/conspiracy claim. Therefore, the Court should once again dismiss Hillery's joint-venture claim, this time with prejudice.

### D. Hillery's Punitive-Damages Claim Is Unsupported.

An award of punitive damages requires a finding by clear and convincing evidence that: (1) a tort was committed, and (2) that oppression, fraud or malice was the impetus of that tort. Cal. Civ. Code, § 3294. Because all of Hillery's tort

**NOTICE OF MOTION AND MOTION TO DISMISS**

claims fail, her request for punitive damages similarly fails.[4] Further, Hillery has fallen far short of pleading the required "oppression, fraud or malice" sufficient to sustain a claim for punitive damages. [*See* Doc. 71 ¶¶ 83-84.] Thus, the Court should dismiss Hillery's claim for punitive damages.

## II. Hillery's Claim For Rescission Under TILA Fails Because Hillery Does Not Actually Seek Or Want Rescission, and Her Requested Remedies Are Unavailable Under TILA.

Hillery's only remaining claim is her Truth in Lending Act ("TILA") claim, which also fails as a matter of law, for at least two reasons.[5] First, she attempts to re-introduce a claim for damages under TILA (15 U.S.C. § 1640(e)) despite the fact that this Court already dismissed that claim <u>with prejudice</u>. Second, Hillery does not actually seek rescission. Instead, she wants either a free house or a novation of her loan, neither of which is an available remedy under TILA. Thus, because Hillery cannot obtain damages under TILA and does not want (and cannot effect) a rescission of the loan transaction, the Court should dismiss her TILA claim in its entirety.

### A. Hillery's Attempt To Reassert Her Damage Claim Under TILA is Meritless.

Hillery's Amended Counterclaim alleges that Consumer Solutions "violated 15 U.S.C. § 1641(f)(2)" by failing to provide Hillery with particular information about the loan, and that "these defects were apparent on the face of the loan documents." [Doc. 71 at ¶¶ 51, 57.] This is just a verbatim reassertion of Hillery's

---

[4] This Court has already recognized that punitive damages are not available under Hillery's TILA rescission claim. [Doc. 70 at 24.]

[5] Hillery also asserts a declaratory-judgment claim, which is identical to and derivative of her TILA rescission claim, so Consumer Solutions addresses these claims together. [Doc. 71 at ¶¶ 38-48.] Further, because Hillery is only entitled to declaratory judgment if she is entitled to rescission under TILA, her declaratory-judgment claim rises or falls with her TILA rescission claim. [Doc. 70 at 22.] Thus, to the extent that the Court dismisses Hillery's TILA claim, the Court must dismiss her declaratory-judgment claim as well.

**NOTICE OF MOTION AND MOTION TO DISMISS**

claim for damages under 15 U.S.C. § 1640(e), which this Court already dismissed with prejudice. [Doc. 70 at 5.] Thus, the Court should dismiss Hillery's reassertion of the claim.

**B.  Hillery's Requested Relief Under TILA—A Declaration that She Owns The Property Outright Without Obligation To Pay The Mortgage—Is Not Available Under TILA.**

Hillery's requested remedy under TILA is not truly rescission. Rather, her requested remedy is outright ownership of her home free of charge, without being subject to any mortgage. [Doc. 71 at Prayer for Relief ¶¶ 1(a) and (b), 2.] She uses two theories to justify this remedy, both of which this Court has already considered and rejected with prejudice.

First, Hillery claims that 15 U.S.C. § 1635 required New Century to retrieve possession of the property 20 days after tender by Hillery, and that New Century's failure to do so vested unfettered ownership of the property in Hillery. [Doc. 71 at ¶¶ 41-42, 52-54, 56.] The Court has already addressed and disposed of this claim with prejudice, holding: "There is no indication in the instant case that Ms. Hillery tendered any property to New Century, Consumer Solutions, or an agent of either and was refused," and, therefore, she was not entitled to free and clear ownership of the property under 15 U.S.C. § 1635. [Doc. 70 at 10.] Hillery's attempt to reassert this unavailable remedy is without merit.

Second, Hillery argues that she is entitled to free and clear ownership of the property because her August 2006 letter allegedly seeking rescission rendered the mortgage an unsecured debt. [Doc. 71 at ¶¶ 43, 45, 54.] This Court already disposed of this argument with prejudice as well, holding that because "there was no acknowledgment of a right to rescind, Ms. Hillery's notice of rescission did not automatically render the deed of trust for her property invalid." [Doc. 70 at 11.]

**NOTICE OF MOTION AND MOTION TO DISMISS**

Hillery has no other support for her requested remedy of free-and-clear ownership of the property, so her request for that remedy fails as a matter of law.

### C. Hillery Does Not Actually Want, And Cannot Actually Effect, Her Claim For Rescission.

Because Hillery's rescission claim cannot give her a free house, her only remaining claim is for true rescission under TILA. Rescission would require Consumer Solutions to tender the note and deed of trust to Hillery in exchange for Hillery's return of the money she borrowed (less certain statutory deductions). *See* 15 U.S.C. § 1635(b); *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003); *La Grone v. Johnson*, 534 F.2d 1360, 1361 (9th Cir. 1976).

Further, under *Yamamoto*, if Hillery is unable to return the loan proceeds, her rescission claim fails and must be dismissed. 329 F.3d at 1173. In *Yamamoto*, the obligors sued the creditor for rescission and damages under TILA. *Id.* at 1169. The court dismissed the damages claim based on the applicable statute of limitations, and permitted the rescission claim to go on only on the condition that the obligors tender the proceeds of the loan to the creditor within 60 days. *Id.* When the obligors failed to tender the proceeds of the loan in that time period, the district court dismissed the action. *Id.*

The Ninth Circuit affirmed, holding that "a court may impose conditions on rescission that assure that the borrower meets her obligations once the creditor has performed its obligations." *Id.* at 1173. The *Yamamoto* court went on to say that:

> there is no reason why a court that may alter the sequence of procedures *after* deciding that rescission is warranted, may not do so *before* deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what.

*Id.*

Here, the same is true. Hillery asks for rescission, but at the same time rejects the notion of returning the loan proceeds. Indeed, Hillery's testimonial on her attorney's website affirmatively rejects the possibility of rescission, and her submissions to this Court reinforce her inability and refusal to do so. (Gaffaney Aff. Ex. A; Doc. 7 at 13 ("The subprime meltdown had already commenced, with one of the first areas to experience the loss of property values being Ruthie Hillery's home town of Pittsburg, California. This upside-down status made refinancing impossible."); Doc. 71 at ¶ 41 ("Ruthie Hillery lost the ability to refinance her home or re-secure the prior World Savings loan").) Under *Yamamoto* and its progeny, Hillery's position is untenable; she cannot ask for rescission but refuse to return the loan proceeds. Thus, the Court should dismiss the rescission claim, because Hillery has affirmatively repudiated her obligation to return the loan proceeds.

**III. Hillery Filed Her Amended Counterclaim For The Sole Purpose Of Delaying These Proceedings; She Should Be Required To Pay Consumer Solutions' Costs, Expenses, And Fees For Bringing This Motion.**

Under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In this case, Hillery and her attorney filed the Amended Counterclaim, which was identical in all material respects to the Original Counterclaim, despite this Court's order directing Hillery to plead sufficient <u>additional</u> facts to support her claims. Hillery filed this facially insufficient Amended Counterclaim with the obvious intention of unnecessarily delaying these proceedings so that she could

11
**NOTICE OF MOTION AND MOTION TO DISMISS**

| | |
|---|---|
| 1 | continue to live in her house without paying for it, and increasing Consumer |
| 2 | Solutions' cost of litigation. |
| 3 | It appears that Hillery's motivation for unnecessarily delaying these |
| 4 | proceedings is borne out of a desire to continue living in her home mortgage-free, |
| 5 | whether she is legally entitled to or not.  Hillery's own public statements confirm |
| 6 | this.  Ms. Hillery's testimonial on her counsel's website crows: "I am still living in |
| 7 | my home despite Saxon's having commenced foreclosure in May 2008, and my |
| 8 | not having made the demanded mortgage payments to Saxon or anyone else." |
| 9 | Gaffaney Decl. at Ex. A, at http://www.spielbauer.com/testimonials.htm  This |
| 10 | makes it obvious that Ms. Hillery's and her counsel's goal in this case is to keep |
| 11 | Hillery in her home free of charge for as long as possible, regardless what the law |
| 12 | requires.  Her facially invalid Amended Counterclaim is simply a method to delay |
| 13 | these proceedings to achieve that goal of delay. |
| 14 | Hillery and Spielbauer knew that the Amended Counterclaim failed to plead |
| 15 | <u>any</u> additional facts supporting Hillery's claims, but filed the Amended |
| 16 | Counterclaim anyway in an effort to needlessly extend this litigation.  Consumer |
| 17 | Solutions should not have been forced to file this motion to dismiss a second |
| 18 | time—indeed, to <u>re-dismiss</u> claims that this Court had already dismissed before. |
| 19 | That is the very definition of vexatious multiplication of proceedings under Section |
| 20 | 1927.  Therefore, this Court should order Ms. Hillery and/or Mr. Spielbauer to |
| 21 | reimburse Consumer Solutions' costs, expenses, and attorneys' fees incurred in |
| 22 | filing this motion to dismiss. |

### **Conclusion**

| | |
|---|---|
| 24 | Ruthie Hillery's Amended Counterclaim does nothing more than re-assert |
| 25 | claims that this Court already dismissed.  The Court should dismiss those claims |
| 26 | again (with prejudice this time) and Consumer Solutions should be awarded the |
| 27 | costs, expenses, and attorneys' fees that it incurred to move to dismiss Hillery's |
| 28 | baseless claims. |
12
**NOTICE OF MOTION AND MOTION TO DISMISS**

Respectfully submitted

FAEGRE & BENSON LLP

Dated: October 9, 2009    By: */s/ Jana M. Gaffaney*
Jana M. Gaffaney, Esq.
Attorneys for Plaintiff and Counter-Defendant, Consumer Solutions REO, LLC