WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., CA State Bar No. 167280
Jonathan D. Fink, Esq. CA State Bar No. 110615
Yelena Cayton, Esq. CA State Bar No. 258380
4665 MacArthur Court, Suite 280
Newport Beach, California 92660
Tel. (949) 477-5050; Fax (949) 477-9200
rfinlay@wrightlegal.net; jfink@wrightlegal.net; hcayton@wrightlegal.net

Attorneys for Counter-Claim Defendant SAXON MORTGAGE SERVICES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CONSUMER SOLUTIONS REO, LLC, a Delaware limited liability company,

    Plaintiff,

    vs.

RUTHIE B. HILLERY, an individual; THE SPIELBAUER LAW FIRM, an unknown business entity; and DOES 1 through 50, inclusive,

    Defendants.
_____

RUTHIE HILLERY,

    Counter-Claimant,

    vs.

CONSUMER SOLUTIONS REO, LLC, a Delaware limited liability company; SAXON MORTGAGE SERVICES, INC.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

    Counter/Cross-Claim Defendants.
_____

Case No.  08-CV-04357 EMC

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COUNTER AND CROSS CLAIM OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF FIRST AMENDED COUNTER AND CROSS CLAIM**

**[FRCP Rule 12(b)(6), (e) and (f)]**

**Date:**    December 16, 2009
**Time:**    10:30 a.m.
**Ctrm.:**    C, 15th Floor

[Assigned to Hon. Edward M. Chen]

*[Filed concurrently with Motion to Dismiss First Amended Counter and Cross Claim]*

1

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16, 2009 at 10:30 a.m. in Courtroom C of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Counter-Claim Defendant, Saxon Mortgage Services, Inc. ("Saxon"), will move this Court for an Order dismissing the Amended Cross-Claims of Defendant and Cross-Claimant, Ruthie B. Hillery ("Cross-Claimant" or "Ms. Hillery") pursuant to FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that, reviewing the non-conclusionary allegations of the complaint, Cross-Claimant has failed to plead the essential facts which give rise to her claims and/or the claims are barred on their face and/or as a result of matter which may properly be judicially noticed by the Court.

PLEASE TAKE FURTHER NOTICE that, at the same time, Saxon will additionally and/or alternatively move this Court pursuant to FRCP Rule 12(f) for an Order striking the following allegations and prayers for damages contained in the Cross-Claims:

1. Paragraph 5 in its entirety;

2. Paragraph 11 in its entirety;

3. Paragraph 84 in its entirety;

4. Paragraph 5 of the Prayer, in its entirety;

5. Paragraph 6 of the Prayer, in its entirety;

6. Paragraph 10 of the Prayer, in its entirety;

7. Paragraph 13 of the Prayer, in its entirety;

Saxon moves to strike these allegations on the grounds that:

1. Cross-Claimant's allegations are not sufficient to demonstrate that Saxon was in a joint venture or conspiracy with any other party;

///

///

1       2.     Cross-Claimant is not entitled to recover attorney's fees against

2   Saxon under any of the theories she has pled.

3       3.     Cross-Claimant's allegations are not sufficient to demonstrate that

4   Saxon has engaged in and conduct, malice, oppression or fraud, warranting an

5   award of punitive damages; and

6       4.     Cross-Claimant is not entitled to recover punitive damages against

7   Saxon under any of the theories she has pled.

8       These Motions will be based upon this Notice, the attached memorandum

9   of points and authorities, the complete files and records in this action, the

10  documents of which this Court is being requested to take judicial notice, the oral

11  argument of counsel and such other and further evidence as the Court might deem

12  proper.

13                                 Respectfully submitted,

14                                 WRIGHT, FINLAY & ZAK, LLP

15

16  Dated:   November 6, 2009     By:  */s/ Jonathan D. Fink*

17                                 Jonathan D. Fink, Esq.

18                                 Attorneys for Counter-Claim Defendant,
                                   SAXON MORTGAGE SERVICES, INC.

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page No.**

MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION ................................................................... 1

II.  STATEMENT OF FACTS ...................................................... 1

III.  THE COMPLAINT SHOULD BE DISMISSED FOR
      FAILURE TO STATE A CLAIM UPON WHICH
      RELIEF MAY BE GRANTED ................................................ 3

      A. LEGAL STANDARD ....................................................... 3

      B. ANALYSIS OF CLAIMS ................................................... 4

          1. THIS COURT HAS ALREADY DISMISSED
             THE RESPA CLAIM WITH PREJUDICE .................................. 5

          2. CROSS-CLAIMANT HAS FAILED TO AMEND
             THE FDCPA CLAIM AS DIRECTED ................................... 5

          3. CROSS-CLAIMANT HAS FAILED TO PLEAD
             SPECIFIC ALLEGATIONS OF MALICE IN HER
             ELDER FINANCIAL ABUSE CLAIM ................................... 6

          4. CROSS-CLAIMANT HAS FAILED TO PLEAD
             FRAUD WITH THE REQUISITE SPECIFICITY ......................... 8

IV.  A COURT MAY STRIKE ALLEGATIONS THAT
     ARE IMMATERIAL OR IMPERTINENT ................................. 9

V.  CONCLUSION ..................................................................... 12

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*117 Sales Corp. v. Olsen*,
    (1978) 80 Cal.App.3d 645, 649-50 ........................................................10

*Ashcroft v. Iqbal*,
    565 US __, 129 S.Ct. 1937, 1949-1950, 1953 (2009)...........................3, 4

*Balistreri v. Pacifica Police Department*,
    855 F.2d 1421, 1424 (9th Cir. 1988)......................................................3

*Bell Atlantic v. Twombly*,
    550 U.S. 544, 555 (2007) ........................................................................3

*Brousseau v. Jarrett*,
    (1977) 73 Cal.App.3d 864, 872...............................................................11

*Bureerong v. Uvawas*,
    (C.D. Cal. 1996) 922 F. Supp. 1450, 1479 n.34 .....................................10

*Cohen v. Groman Mortuary, Inc.*
    (1964) 231 Cal.App.2d 1, 8.......................................................................11

*Dack v. Shanman*,
    227 F.Supp. 26, 30, (S.D.N.Y. 1964).........................................................3

*Fantasy, Inc. v. Fogerty*,
    (9th Cir. 1993) 984 F.2d 1524, 1528.........................................................9

*Fogerty v. Fantasy, Inc.*,
    (1994) 510 U.S. 517 ...................................................................................9

*G.D. Searle & Company v. Superior Court*,
    (1975) 49 Cal.App.3d 22, 29......................................................................11

*Lone Star Ladies Investment Club v. Schlotzky's Inc.*,
    (9th Cir. 1996) 283 F.3d 363, 368.............................................................8

*Marder v. Lopez,*
    450 F.3d 445, 448 (9th Cir. 2006)................................................................4

*McCarthy v. Mayo,*
    827 F.2d 1310, 1316 (9th Cir. 1987)..........................................................3

*Melendrez v. D & I Investment, Inc.*
    (2005) 127 Cal.App.4th  1238, 1252...........................................................7

*Moore v. Kayport Package Exp., Inc.,*
    (9th Cir. 1989) 885 F.2d 531, 540..............................................................8

*Parrino v. FHP, Inc.,*
    146 F.3d 699, 706 (9th Cir. 1998)..............................................................4

*Rosales v. Citibank,*
    (N.D. Cal. 2001) 133 F.Supp.2d 1177, 1180 .............................................9

*Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,*
    245 F.2d 67, 70 (9th Cir. 1956)..................................................................4

*Silberg v. California Life Insurance Company,*
    (1974) 11 Cal.App.3d 452, 462.................................................................11

*Sprewell v. Golden State Warriors,*
    266 F.3d 979, 988 (9th Cir. 2001)............................................................10

*State of California v. State Lands Comm.,*
    (N.D. Cal. 1981) 512 F.Supp. 36, 38 .........................................................9

*Stinson v. Home Insurance Co.,*
    690 F.Supp. 882, 886 (N.D. CA  1988) .....................................................3

*Sumner Peck Ranch v. Bureau of Reclamation,*
    823 F. Supp. 715, 720 (E.D. Cal. 1993).....................................................4

*Tarmann v. State Farm Mutual Auto Ins. Company,*
    (1991) Cal.App.4th 153, 157......................................................................8

*Taylor v. Mitzel*,
    (1978) 82 Cal.App.3d 665, 674................................................................10

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3f 1097, 1106 (9th Cir. 2003) ........................................................8

*Wailua Assoc. v. Aetna Casualty & Surety Co.*,
    (D. Hawaii 1998) 183 F.R.D. 550, 553 and 556 ......................................9

*Wasco Prods., Inc. v. Southwall Techs., Inc.*
    435 F.3d 989, 991 (9th Cir.) *cert. denied*, 549 U.S. 817 (2006).............10

*Western Mining Council v. Watt*,
    643 F.2d 618, 624 , (9th Cir. 1981)...........................................................3

*Wilkerson v. Butler*,
    (E.D. Cal. 2005) 229 FRD 166, 172 ........................................................10

## Statutes

12 USC § 2605(f)(1) ............................................................................10
15 U.S.C. §§ 1640(a), 1692k ...............................................................10
15 U.S.C. § 1692g(a) ............................................................................6
Civil Code § 47 ....................................................................................7
Civil Code §1717 ................................................................................12
Civil Code § 2924(d) ............................................................................7
Civil Code § 3294 ........................................................................10, 11
Code of Civil Procedure §§ 729.040, 729.050, and 729.080 ..............7
Code of Civil Procedure § 1021.5 ......................................................12
Welfare and Institutions Code § 15600 et seq. ....................................7

## Rules

12 C.F.R. § 226.2(a)(13).......................................................................
12 C.F.R. § 226.23(d)(3) .......................................................................
FRCP Rule 8 ....................................................................................3, 4
FRCP Rule 9 .........................................................................................
FRCP Rule 9(b) ..................................................................................10
FRCP Rule 12(b)(6).....................................................................3, 4, 10
FRCP Rule 12(f) ..................................................................................9

## Other Authorities

2 Moore's Federal Practice
        § 12.37[3] (3d ed. 2004) ........................................................10

*5 Witkin, California Procedure Before Trial*
        (4th ed. 1997), Pleading §668, pp.123-124 ............................8

5C Wright & Miller, Federal Practice and Procedure:
        Civil 3d § 1382 ........................................................................9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In its Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss Defendants' Counter-Complaint entered on August 26, 2009 ("Order"), this Court has already dismissed Cross-Claimant's following claims <u>with prejudice</u>: the TILA damages claim, the HOEPA claim, the California predatory lending claim, the Quiet Title claim, the RESPA claim, the CRLA claim, and the Accounting claim.  The Court granted Cross-Claimant leave to amend her FDCPA claim to plead a particular factual basis, leave to amend her Elder Financial Abuse claim to include specific allegations of malice, and leave to amend her Fraud claim to plead it with sufficient specificity.

Despite the clarity of the Court's Order, Cross-Claimant filed a bad faith First Amended Counter and Cross Claim ("FAXC") in which she blithely reasserts many of the very claims that the Court dismissed with prejudice.

## II.   STATEMENT OF FACTS

On August 18, 2006, Cross-Claimant refinanced her existing loan with a new loan for $336,000.00 ("Loan") from New Century Mortgage Company ("New Century"), secured by a first position Deed of Trust ("DOT") against the certain real property commonly known as 2119 Goff Avenue, Pittsburgh, California ("Property").[1]  On that same day, New Century gave Cross-Claimant a Notice of Right to Cancel as required by the Truth-in-Lending Act ("TILA").[2]

Cross-Claimant claims to have exercised her right to rescind the transaction on August 21, 2006 by signing (and delivering to New Century) the Notice of Right to Cancel,[3] but never tendered the amounts owed, thus never consummated the rescission.  New Century went bankrupt, and, as part of the bankruptcy

---

[1] A true copy of the DOT is attached as Exhibit "1" to the concurrently filed Request for Judicial Notice ("RJN").
[2] A copy of the Notice of Right to Cancel is attached to Ms.Hillery's First Amended Cross and Counter Claim as Exhibit "2."
[3] Id.

**NOTICE OF MOTION AND MOTION TO DISMISS**

1   proceedings, Defendant Consumer Solutions REO, LLC ("Consumer Solutions")

2   acquired all of New Century's beneficial interest in the promissory note and the

3   DOT.[4]

4        For its part, Saxon Mortgage Services, Inc. ("Saxon" or "Movant") was the

5   loan servicer of New Century's Loan, and as of the time of filing of the original

6   complaint in this action (September 17, 2008) was servicing the Loan for

7   Consumer Solutions.  As loan servicer, Saxon acknowledged that it was in receipt

8   of Cross-Claimant's Notice of Right to Cancel and advised Cross-Claimant that in

9   order to accomplish the rescission she had to repay the $266,379.31 balance then

10   owed.[5]  To this date, Cross-Claimant has failed and refused to repay the proceeds.

11        Saxon and Consumer Solutions filed suit against Cross-Claimant on

12   September 17, 2008, seeking declaratory relief on whether Cross-Claimant was

13   obligated to tender the Loan proceeds as a condition of rescission or was entitled

14   to keep said proceeds as a windfall.  Shortly thereafter, Saxon's tenure as loan

15   servicer ended.  Accordingly, when Consumer Solutions filed its amended

16   complaint on December 18, 2009, Saxon was dropped as a named party and had

17   nothing further to do with this action.

18        Nonetheless, Cross-Claimant filed a Counter and Cross Claim against

19   Consumer Solutions, Saxon, and Mortgage Electronic Registration Systems

20   ("MERS") on May 28, 2009.  Consumer Solutions moved to dismiss the Counter

21   and Cross Claim,[6] and this Court granted in part and dismissed in part the Motion,

22   dismissing almost all of Cross-Claimants claims but giving Cross-Claimant leave

23   to amend the few remaining claims to meet the appropriate pleading requirements,

24   as discussed above.

25

26

27   [4] A true copy of the Assignment of Deed of Trust to Consumer Solutions is attached as Exhibit "2" to the RJN.

28   [5] A true copy of the Acknowledgement letter dated September 28, 2007 is attached as Exhibit "3" to the RJN. The $266,379.31 figure does not include per diem interest.

[6] To this day, neither Saxon nor MERS have been served, but Saxon nonetheless deems it prudent to respond to the inadequate allegations against it.

**NOTICE OF MOTION AND MOTION TO DISMISS**

1
2
3
4
5
6

Cross-Claimant filed her FAXC on September 29, 2009.  Instead of curing the blatant defects in the original Counter and Cross Claim, Cross-Claimant essentially re-plead <u>the very same facts already deemed insufficient</u> by the Court, and attempted to revive claims and arguments that have already been dismissed without leave to amend.  Saxon hereby moves to dismiss the FAXC with prejudice as hopelessly deficient and incapable of cure.

7
8

**III.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

9

**A.    LEGAL STANDARD:**

10
11
12
13
14
15
16
17
18
19
20
21

The current standard to be applied to a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FRCP Rule 12(b)(6) is clear. As stated in *Stinson v. Home Insurance Co.*[7]:  "Although [claimants] need to provide only a 'short and plain statement of the claim,' [pursuant to FRCP Rule 8]…where the claims … are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal."[8]   Although all well-pled facts are deemed true in ruling on a motion to dismiss[9], conclusory allegations are disregarded.[10]   The United States Supreme Court has stated that "formulaic recitation of the elements of a cause of action will not suffice."[11]  <u>A claimant cannot avoid this bar by clothing legal conclusions in the guise of facts to take advantage of the liberality with which courts otherwise view pleadings</u>.[12] (Emphasis added).

22
23
24

Moreover, the Court "may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint" or by

25
26
27
28

---

[7] *Stinson v. Home Insurance Co.*, 690 F.Supp. 882, 886 (N.D. CA  1988).
[8] *Dack v. Shanman*, 227 F.Supp. 26, 30, (S.D.N.Y. 1964) (dismissing complaint where count was so sketchy as to be unintelligible)
[9] *Balistreri v. Pacifica Police Department*, 855 F.2d 1421, 1424 (9th Cir. 1988).
[10] *McCarthy v. Mayo,* 827 F.2d 1310, 1316 (9th Cir. 1987).
[11] *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  See also *Ashcroft v. Iqbal,* 565 US __, 129 S.Ct. 1937, 1953 (2009) (holding that *Twombly* applies in all cases, not just antitrust).
[12] *Western Mining Council v. Watt*, 643 F.2d 618, 624, (9th Cir. 1981).

3

**NOTICE OF MOTION AND MOTION TO DISMISS**

documents referred to in the complaint.[13]  Documents integral to a claimant's claims may be attached to a motion to dismiss because claimant is obviously aware of their contents and it prevents "[claimants] from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based."[14]  Likewise, the Court does not have to accept alleged facts as true, when they contradict matters subject to judicial notice.[15]

In May 2009, the Supreme Court, *in Ashcroft v. Iqbal*,  admonished that FRCP Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." [16] The Supreme Court made clear that "threadbare recitals of a cause of action's elements supported by conclusory statements" are insufficient to overcome a motion to dismiss.[17]   While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[18]  Examining the facts of the FAXC, it is readily apparent that they fall far short of the pleading requirements to survive a motion to dismiss.  As discussed above, legal conclusions must be supported by factual allegations, not mere hope or supposition.

## B.    ANALYSIS OF CLAIMS:

Although the Court has already ruled that the Declaratory Judgment and TILA rescission claims are proper, Saxon has never claimed that it has any right, title or interest in the Property for its own account and the FAXC makes no contention otherwise.  Nor does Saxon claim that it is entitled to any of the monies that Cross-Claimant is required to pay as a condition of rescission here – it was

---

[13] *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F. Supp. 715, 720 (E.D. Cal. 1993); M*arder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006) (a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.")

[14] *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

[15] *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956).

[16] *Ashcroft v. Iqbal*, 565 US __, 129 S.Ct. 1937, 1949 (2009).

[17] *Id.* at 1950.

[18] *Id.*

4

just the servicer at the time the complaint was filed.  Accordingly, Saxon should be dismissed from the First and Second Causes of Action.

### 1.     THIS COURT HAS ALREADY DISMISSED THE RESPA CLAIM WITH PREJUDICE:

Cross-Claimant flagrantly realleges the very same facts she has already alleged in her original Counter and Cross Claim when she reasserts a Real Estate Settlement and Procedures Act ("RESPA") claim.  This Court, however, has already dismissed her RESPA claim with prejudice and Cross-Claimant should not be permitted to revive it.  Even if the dismissal had not been with prejudice, no new facts are pled which warrant allowing the claim to survive.

### 2.     CROSS-CLAIMANT HAS FAILED TO AMEND THE FDCPA CLAIM AS DIRECTED:

This Court granted Cross-Claimant leave to amend her Fair Debt Collections Practices Act ("FDCPA") claim but only if she could state a claim consistent with the Court's analysis,[19] which provided: "Ms. Hillery may amend her complaint with respect to the following claims: the FDCPA claim (but not predicated on Saxon's conduct."[20]  Cross-Claimant has utterly failed to meet this burden as to Saxon.

First, she has essentially realleged identical facts to the ones this Court has already deemed insufficient, but, this time, asserted the claim against Saxon only. The only substantive addition to this cause of action is its last paragraph, where Cross-Claimant now claims that "SAXON and the defendants tolled any statute of limitations by the bringing of their action against Ruthie Hillery in September 2008.  Ruthie Hillery's cross complaint in this matter relates back to the action initiated by SAXON and CONSUMER."[21]  Not only is this argument incorrect as

---

[19] Order, p. 16, ll. 5-8.
[20] Order, p. 25, ll. 2-3.
[21] FAXC ¶ 69.

**NOTICE OF MOTION AND MOTION TO DISMISS**

1   a matter of law, it does not address this Court's concern.  No new conduct by

2   Saxon which would be subject to the FDCPA is pled.

3          Under 15 U.S.C. 1692g(a), a debt collector is required to send to a

4   consumer "[w]ithin five days after the initial communication with [the]

5   consumer," a notice that, essentially, the consumer has thirty days to write to the

6   debt collector and dispute the debt, otherwise the debt will be deemed undisputed.

7   As the Court explained, §1692g(a) does not require the debt collector to take any

8   action within five days other than to send the required notice, and the five day

9   period begins to run with the <u>initial</u> communication with the consumer.[22]

10  Additionally, there is a one year statute of limitations.[23]  The Court also pointed

11  out that evidence of record shows that Saxon had communicated with Cross-

12  Claimant as early as September 28, 2007 when it sent her a letter acknowledging

13  receipt of request to rescind.[24]  Cross-Claimant has pleaded no facts to show

14  otherwise.  Therefore, the statute of limitations on her FDCPA claim expired long

15  before she filed her original Cross and Counter Claim on May 28, 2009.

16         Cross-Claimant has done nothing to amend her FDCPA claim to overcome

17  the statute of limitations problem. Therefore, the FDCPA claim should be

18  dismissed without leave to amend.

19              **3.    CROSS-CLAIMANT HAS FAILED TO PLEAD**
                        **SPECIFIC ALLEGATIONS OF MALICE IN HER**
20                      **ELDER FINANCIAL ABUSE CLAIM:**

21

22         In its Order, this Court granted Cross-Claimant leave to amend her Elder

23  Financial Abuse claim to include <u>specific</u> allegations of malice.[25]  Cross-Claimant

24  has utterly failed to do so.  In fact, the only additional allegation is ¶ 75:

25             Defendants have paid about twenty-five cents on the dollar of
               the  August  18,  2006  loan  amount  when  [sic]  CONSUMER
26

27  ───────────────

28  [22] Order, p. 15, ll. 7-8 and p. 15, l. 12.
    [23] Order, p. 15, l. 23.
    [24] Order, p. 15, ll. 15-17; Exhibit "3" to the RJN.
    [25] Order, p. 21, ll. 16-17.

**NOTICE OF MOTION AND MOTION TO DISMISS**

obtained from New Century Mortgage and [sic] the Bankruptcy Court. Defendants, working in conjunction with each other, have nonetheless attempted to seize in excess of $300,000 as gain on their investment, knowing that they were not entitled to this money.

First, the above allegations do not even mention Saxon and do nothing to show malice. Second, the allegations lack any specificity. It is unclear, for example, which "defendant" is accused of "seizing" what. Third, Consumer Solutions was under no duty to pay full price for the Loan in order to enforce it – loans are often sold at a discount.[26]

Fourth, Plaintiff has utterly failed to plead fraud against Saxon *since the conduct complained of was privileged as a matter of law.* California Civil Code § 2924(d) specifically provides:

All of the following shall constitute privileged communications pursuant to [Civil Code] Section 47:
(1) The mailing, publication, and delivery of notices as required by this section.
(2) **Performance of the procedures set forth in this article**.
(3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Sections 729.040, 729.050, and 729.080 of the Code of Civil Procedure. (Emphasis added).

The only actual conduct by Saxon claimed to violate California Welfare and Institutions Code § 15600 et seq. here is the attempt to require Ms. Hillery to pay restitution as a condition of any rescission and to initiate foreclosure proceedings.[27] Therefore, its conduct was privileged.

Finally, and most importantly, Saxon was the servicer of the Loan, and it was not attempting to seize any amount of money as a gain, or otherwise for its

---

[26] *See Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1252.
[27] FAXC ¶¶ 73-74. In ¶ 73, Ms. Hillery also complains about the failure to respond to her letters. However, that is not conduct within the scope of the Elder Financial Abuse Law.

7

1  own benefit, and it made no investment here.  As there was no actual seizure

2  while Saxon as loan servicer, and as Saxon is no longer the loan servicer for this

3  Loan, the claim is per se improper.  For all of these reasons, the claim for Elder

4  Financial Abuse should be dismissed with prejudice.

### 4.    CROSS-CLAIMANT HAS FAILED TO PLEAD FRAUD WITH THE REQUISITE SPECIFICITY:

7       This Court granted Cross-Claimant leave to amend her Fraud claim to plead

8  it with the requisite specificity.  The requisite elements to a tort cause of action for

9  fraud and deceit are: (1) Representation; (2) Falsity; (3) Knowledge of falsity; (4)

10  Intent to deceive; and (5) Reliance which results in damage.[28]  Further, the

11  requirements for pleading fraud *against a corporation are even more stringent*;

12  the pleader is required to allege the names of the persons who performed the

13  allegedly fraudulent conduct, their authority, and when it was performed, none of

14  which is alleged here.[29]  A pleading that is general, vague or conclusory is

15  insufficient and is to be disregarded.[30]

16       As the Court pointed out, "Averments of fraud must be accompanied by

17  'the who, what, when, where, and how' of the misconduct charged."[31]  Instead of

18  doing so, Cross-Claimant just added more of the same generalities she has

19  previously pled. Saxon cannot properly address Cross-Claimant's allegations

20  since she has not specified which actions of which "defendants" constitute the

21  claimed fraud.  There are no allegations as to what Saxon did to defraud Cross-

22  Claimant beyond the conclusory language as addressed to all "defendants."

23       Moreover, Cross-Claimant fails to identify any actual misrepresentation of

24  fact or false promise made to her by Saxon fails to show that any such

---

[28] *See discussion at 5 Witkin, California Procedure Before Trial* (4th ed. 1997), Pleading §668, pp.123-124.

[29] *Tarmann v. State Farm Mutual Auto Insurance Company* (1991) Cal.App.4th 153, 157.

[30] *Moore v. Kayport Package Express, Inc.,* (9th Cir. 1989) 885 F.2d 531, 540; *Lone Star Ladies Investment Club v. Schlotzky's Inc.,* (9th Cir. 1996) 283 F.3d 363, 368.

[31] Order, p. 22, ll. 2-3, citing to *Vess v. Ciba-Geigy Corp. USA*, 317 F.3f 1097, 1106 (9th Cir. 2003)

8

misrepresentation was intentional, fails to identify any actual reliance by her on any such misrepresentation, fails to show any such reliance was justifiable, and fails to identify any actual damages resulting from that reliance.  To the contrary, the FACX establishes that Cross-Claimant <u>did not</u> rely on any imagined misrepresentation.[32] For all of these reasons, Cross-Claimant's claim for Fraud should be dismissed with prejudice.

## IV.    A COURT MAY STRIKE ALLEGATIONS THAT ARE IMMATERIAL OR IMPERTINENT.

FRCP Rule 12(f) permits a court to "order stricken from any pleading . . . any . . . immaterial, impertinent, or scandalous matter."

> "Immaterial" matter is that which has no essential or important relationship to the claim for relief. . .being pleaded. . . .According to the case law, 'impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question. . . .One test that has been advanced for determining whether an allegation in a pleading is immaterial or impertinent within the meaning of Rule 12(f) is whether proof concerning it could be received at trial; if it could not, then the matter is immaterial and impertinent. . . .[33]

A motion to strike is properly granted "for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case."[34]  A motion to strike is particularly appropriate where, as here, a party seeks relief not available as a matter of law.[35]  Thus, requests to strike

---

[32] FAXC, ¶ 33, 34 and Exhibit "1" thereto.

[33] 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1382; *See, Wailua Assoc. v. Aetna Casualty & Surety Co.*, (D. Hawaii 1998) 183 F.R.D. 550, 553 and 556 (striking the phrase "siege warfare" as scandalous).

[34] *Fantasy, Inc. v. Fogerty,* (9th Cir. 1993) 984 F.2d 1524, 1528, *rev'd on other grounds by Fogerty v. Fantasy, Inc.,* (1994) 510 U.S. 517; *See State of California v. State Lands Comm.,* (N.D. Cal. 1981) 512 F.Supp. 36, 38  ("[W]here the motion may have the effect of making the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken").

[35] *Rosales v. Citibank*, (N.D. Cal. 2001) 133 F.Supp.2d 1177, 1180.

9

**NOTICE OF MOTION AND MOTION TO DISMISS**

1    certain types of relief, such as punitive damages, may be granted if "such relief is
2    not recoverable under the applicable law."[36]

3         The allegations of conspiracy and joint venture[37] are utterly lacking in any
4    factual underpinning.  Under California law, to plead conspiracy, a party must
5    allege showing the formation of the conspiracy, its operation, the wrongful acts of
6    the conspirators, and the damages resulting therefrom.  "[B]are legal conclusions
7    are insufficient... inferences, generalities, presumptions and conclusions are
8    insufficient...."[38]  Where, as here, the putative object of the conspiracy is alleged
9    to be fraudulent, Rule 9(b)'s heightened pleading requirements also come into
10   play.[39]  In this regard, it should be remembered that legal conclusions need not be
11   accepted as true in ruling on a Rule 12 motion.[40]

12        The claims for punitive damages are also bereft of the requisite showing.
13   As to the claims based on putative violations of Federal statutes, there can only be
14   recovery of punitive damages if the statute provides for that remedy.  The federal
15   statutes at issue here clearly do not.[41]

16        Although the State law claims would be governed by the substantive State
17   law, they would still need to comply with the requirements of FRCP Rule 9(b) in
18   terms of the requisite level of specificity to the extent that they are based on
19   assertions of fraud.  Under State law, a punitive damages award requires a finding
20   by clear and convincing evidence of both that a tort was committed and that
21   oppression, fraud or malice was the impetus of that tort.[42]

---

[36] 2 Moore's Federal Practice § 12.37[3] (3d ed. 2004); *Wilkerson v. Butler*, (E.D. Cal. 2005) 229 FRD 166, 172; *Bureerong v. Uvawas*, (C.D. Cal. 1996) 922 F. Supp. 1450, 1479 n.34.
[37] See FAXC ¶¶ 5 and 11.
[38] *117 Sales Corp. v. Olsen* (1978) 80 Cal. App. 3d 645, 649-50; *See also Taylor v. Mitzel* (1978) 82 Cal. App. 3d 665, 674 (requiring "allegations of specific facts showing meetings, communications, correspondence or any indicia of a conspiracy....").
[39] *Wasco Prods., Inc. v. Southwall Techs., Inc.* 435 F.3d 989, 991 (9th Cir.) *cert. denied,* 549 U.S. 817 (2006).
[40] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).
[41] *See* 15 U.S.C. §§ 1640(a), 1692k; 12 USC § 2605(f)(1).
[42] Civ. Code, § 3294.

**NOTICE OF MOTION AND MOTION TO DISMISS**

Even under State law, mere legal conclusions are not sufficient to sustain an award of punitive damages under California Civil Code Section 3294; factual allegations must be made.[43]   In *G.D. Searle & Company*, plaintiff made conclusory and ambiguous allegations.  In holding that plaintiff's claim for punitive damages had been inadequately pled, the court reviewed the possible grounds for punitive damages.

The court pointed out that, like fraud, actions for punitive damages must be specifically pled:

> Notwithstanding relaxed pleading criteria, certain tortious injuries demand firm allegations.  Vague, conclusory allegations of fraud or falsity may not be rescued by the rule of liberal construction.... When the plaintiff alleges intentional wrong, a prayer for exemplary damages may be supported by a pleading that the wrong was committed willfully or with a design to injure. . . . Where non-deliberate injury is charged allegations such as defendant's conduct was wrongful, willful, wanton, reckless or unlawful do not support a claim for exemplary damages; such allegations do not charge malice.... when a defendant must produce evidence in defense of an exemplary damages claim, fairness demands that he receive adequate notice of the kind of conduct charged against him.[44]

Instead of specific facts to show oppression, fraud or malice, Cross-Claimant contents herself with conclusory statements as to fraud, oppression and malice which do not suffice.  Accordingly, all references to exemplary and/or punitive damages should be stricken from ¶¶ 5, 11, and 84 of the FAXC and ¶¶ 5, and 13 of the Prayer thereto.

Finally, Cross-Claimant is not entitled to attorneys' fees against Saxon under any of the theories she has attempted to plead.  As explained more fully

---

[43] *Silberg v. California Life Insurance Company*, (1974) 11 Cal.App.3d 452, 462; *Brousseau v. Jarrett*, (1977) 73 Cal.App.3d 864, 872; *G.D. Searle & Company v. Superior Court*, (1975) 49 Cal.App.3d 22; *Cohen v. Groman Mortuary, Inc.* (1964) 231 Cal.App.2d 1, 8.
[44] *Id*. 49 Cal.App.3d at 29.

**NOTICE OF MOTION AND MOTION TO DISMISS**

above, she has not pled a viable claim for FDCPA violation or Elder Financial Abuse as against Saxon, therefore, reference to attorney's fees for FDCPA violation should be stricken from ¶¶ 5, 6 and 10 of the Prayer.  Cross-Claimant is not entitled to attorneys' fees under TILA, as the only remedy even "in play" is a TILA rescission claim, thus, reference to attorney's fees for TILA violation should be stricken from ¶ 6 of the Prayer.

Cross-claimant is not entitled to attorney's fees against Saxon under California Civil Code §1717 since that section provides for contract damages, and there is no contract between Cross-Claimant and Saxon.  Cross-Claimant is not entitled to attorneys' fees against Saxon under California Code of Civil Procedure § 1021.5 since that section applies to enforcement of an "important right affecting the public interest" which Cross-Claimant does not assert. Cross-Claimant is not entitled to attorneys' fees against Saxon under RESPA since the Court has previously dismissed that claim with prejudice. For these reasons, all reference to attorneys' fees for should be stricken from ¶ 10 of the Prayer.

## V.   CONCLUSION:

Based upon the foregoing, Saxon respectfully requests that the Court grant its Motion to Dismiss the First Amended Counter and Cross Claim without leave to amend and/or grant its Motion to Strike the specified allegations from the First Amended Counter and Cross Claim and its prayer, particularly as to the claims for punitive damages.

Respectfully submitted

WRIGHT, FINLAY & ZAK, LLP

Dated:   November 6, 2009          By:  /s/ Jonathan D. Fink
                                                             Jonathan D. Fink, Esq.
                                                             Attorneys for Counter-Claim Defendant,
                                                             SAXON MORTGAGE SERVICES, INC.

**PROOF OF SERVICE**

I, Cindy A. Barragan, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On November 6, 2009, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COUNTER AND CROSS CLAIM OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF FIRST AMENDED COUNTER AND CROSS CLAIM** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE SERVICE LIST**

[X]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[X]   (BY ELCTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 6, 2009, at Newport Beach, California.

Cindy A. Barragan

1

## SERVICE LIST

2

3   Thomas John Spielbauer, Esq.
    The Spielbauer Law Firm
4   1250 Oakmead Parkway  Suite 210
    Sunnyvale, California  94085
5   408-451- 8499; Fax: 610-423-1395
6   **Attorneys for Ruthie B. Hillery and Spielbauer Law Firm**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE