WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., CA State Bar No. 167280
Jonathan D. Fink, Esq. CA State Bar No. 110615
Yelena Cayton, Esq. CA State Bar No. 258380
4665 MacArthur Court, Suite 280
Newport Beach, California 92660
Tel. (949) 477-5050; Fax (949) 477-9200
rfinlay@wrightlegal.net; jfink@wrightlegal.net; hcayton@wrightlegal.net

Attorneys for Counter-Claim Defendant, SAXON MORTGAGE SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER SOLUTIONS REO, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> RUTHIE B. HILLERY, an individual; THE SPIELBAUER LAW FIRM, an unknown business entity; and DOES 1 through 50, inclusive. <br><br> Defendants. | Case No. 08-CV-04357 EMC <br><br> **DECLARATION OF YELENA CAYTON IN SUPPORT OF AWARD OF SANCTIONS IN FAVOR OF SAXON MORTGAGE SERVICES, INC.** <br><br> [By Court Order of January 8, 2010] <br><br> [Assigned to Hon. Edward M. Chen] |
| RUTHIE HILLERY, <br><br> Counter-Claimant, <br><br> vs. <br><br> CONSUMER SOLUTIONS REO, LLC, a Delaware limited liability company; SAXON MORTGAGE SERVICES, INC.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Counter/Cross-Claim Defendants. | |

**DECLARATION OF YELENA CAYTON**

I, YELENA CAYTON, DECLARE AS FOLLOWS:

1. I am an attorney duly licensed to practice law before all the courts of the State of California and before this Court and am an attorney with the firm of Wright Finlay & Zak ("WFZ"), attorneys of record for Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. ("Saxon") and Consumer Solutions REO, LLC ("Consumer Solutions") (collectively, "Plaintiffs") in the above-captioned matter. The following facts are, except where otherwise indicated, true of my own, personal knowledge or from my review of WFZ's files and records and, if called upon to do so, I could and would competently testify to the truth thereof.

2. I have possession, custody, supervision and control of the files of WFZ in general and as they relate to this action in particular. I am personally familiar with the manner in which the records of WFZ are maintained and state that the records and documents referred to in this Declaration constitute writings taken or made in the regular or ordinary course of business of WFZ at or near the time of the act, condition or event to which they relate by persons employed by WFZ who had a business duty to WFZ to accurately and completely take, make and maintain such records and documents. I have reviewed WFZ's files with respect to this action prior to making this declaration and state that these files reflect that this action should not be dismissed.

3. I have personally reviewed the accounting records of WFZ for this matter prior to making this Declaration and, while our records do not break down the work performed by topic, from my review of WFZ's files in this matter, as well as the pleadings and my own involvement in researching and drafting them, I estimate that Saxon has incurred the following fees and costs attributable to addressing to just the reassertion of the improper RESPA and FDCPA claims in Ms. Hillery's First Amended Counter and Cross-Claims:

A. 2.2 hours of my time, consisting of the review of this Court's Order of August 26, 2009 and of the allegations of the First Amended Counter and Cross-Claims [as to which I estimate .3 hours related to the FDCPA and RESPA claims], research for the Motion to Dismiss

that pleading [as to which approximately .6 hours were spent on the RESPA and FDCPA claims as I was able to utilize some of the research and analysis from Consumer Solution's Motion to Dismiss the original Counter-Claim, as well as that provided in the August 26, 2009 Order thereon], drafting the Motion to Dismiss and Reply (as well as reviewing Ms. Hillery's Opposition thereto [as to which 1.4 hours of my time was spent on the RESPA and FDCPA issues]. This does not include the costs of preparing this Declaration.

  B. 1.1 of the time of Jonathan D. Fink, one of the senior attorneys responsible for this case, consisting of his review of the August 26, 2009 Order and the First Amended Counter- and Cross-Claim [as to which an estimated .2 related to the RESPA and FDCPA claims], revising the Motion to Dismiss and the Reply [as to which about .4 concerned those two areas], and reviewing the Opposition, attending the hearing on the Motion on December 23, 2009, as well as reviewing this Court's January 8, 2010 Order [for all three of which combined he attributes another .5 to just the FDCPA and RESPA issues]. This does <u>not</u> include his travel time to San Francisco, nor the costs of his airfare, hotel and transportation, which, while substantial—in excess of $600—would have been incurred anyway on the other issues before this Court that day.

  4. My standard rate for work of this nature is $175 per hour and Mr. Fink's is $235 per hour. Thus, for the RESPA and FDCPA issues alone, Saxon incurred $402.50 for my time and $258.50 for Mr. Fink's time, for a total of $661.00.

  I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration was executed on January 15, 2010, at Newport Beach, California.

           */s/ Yelena Cayton*
           YELENA CAYTON

# PROOF OF SERVICE

I, Cindy A. Barragan, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On January 15, 2010, I served the foregoing document described as **DECLARATION OF YELENA CAYTON IN SUPPORT OF AWARD OF SANCTIONS IN FAVOR OF SAXON MORTGAGE SERVICES, INC.** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

## SEE SERVICE LIST

[X] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[X] (BY ELCTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 15, 2010, at Newport Beach, California.

_____
Cindy A. Barragan

1

PROOF OF SERVICE

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | |
| 3 | Thomas John Spielbauer, Esq.<br>The Spielbauer Law Firm |
| 4 | 1250 Oakmead Parkway, Suite 210 |
| 5 | Sunnyvale, California 94085<br>408-451- 8499; Fax: 610-423-1395 |
| 6 | **Attorneys for Ruthie B. Hillery and Spielbauer Law Firm** |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |