**United States District Court**
For the Northern District of California

1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7
8    CONSUMER SOLUTIONS REO, LLC,              No. C-08-4357 EMC
9                Plaintiff,
                                               **ORDER RE SANCTIONS**
10        v.
11   RUTHIE B. HILLERY, *et al.*,
12              Defendants.
13   _____/
14
15        Previously, the Court sanctioned Mr. Spielbauer (Ms. Hillery's counsel) pursuant to 28
16   U.S.C. § 1927 for having reasserted the RESPA and FDCPA claims against Saxon in Ms. Hillery's
17   amended counterclaims.  *See* Docket No. 102 (order, filed on 1/8/2010).  Saxon subsequently
18   submitted a declaration stating that the attorney's fees it had incurred as a result of Mr. Spielbauer's
19   conduct amounted to $661.  *See* Docket No. 106 (Cayton Decl. ¶ 4).  In response, Mr. Spielbauer
20   has not contested the amount of sanctions but has challenged the imposition of sanctions.  Having
21   considered Mr. Spielbauer's submission, the Court hereby reconsiders and reaffirms its decision to
22   impose a sanction and orders that Mr. Spielbauer pay Saxon $661.[1]
23                              **I.    DISCUSSION**
24   A.   Due Process
25        In his submission, Mr. Spielbauer argues first that he was not given adequate notice and
26   opportunity to be heard with respect to the matter of sanctions.  While there is authority that
27   _____
28        [1] Under California Business & Professions Code § 6068(o)(3), an attorney has a duty to self-
     report the imposition of judicial sanctions of $1,000 or more.  *See* Cal. Bus. & Prof. Code § 6068(o)(3).

United States District Court

For the Northern District of California

1   indicates otherwise, *see, e.g.*, *Toombs v. Leone*, 777 F.2d 465 (9th Cir. 1982),[2] the Court shall in the

2   interest of justice reconsider the issue of sanctions so as to obviate any due process concerns.  At

3   this juncture, Mr. Spielbauer has had adequate advance notice that his conduct is potentially

4   sanctionable pursuant to § 1927 based on his reassertion and argumentation in support of the RESPA

5   and FDCPA claims against Saxon, and he has been given an opportunity to be heard through his

6   written submission herein of January 22, 2010.  Although Mr. Spielbauer has asked for a formal

7   hearing, the Ninth Circuit has expressly stated that "an opportunity to be heard does not require an

8   oral or evidentiary hearing on the issue.  The opportunity to brief the issue fully satisfies due process

9   requirements. "  *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th

10  Cir. 2000).  He has had adequate opportunity to brief the issue, and the Court has fully considered

11  that briefing.

12  B.      Authority to Sanction Under § 1927

13          To the extent Mr. Spielbauer argues that the Court lacks the authority to sanction under 28

14  U.S.C. § 1927, *see* Opp'n at 6, that argument should be rejected.  In *Moore v. Keegan Mgmt. Co. (In*

15  *re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431 (9th Cir. 1996), the Ninth Circuit simply held that "§

16

17          [2] In *Toombs*, counsel for the plaintiff violated a local rule by submitting on the morning of trial
18  a lengthy trial brief and extensive exhibits.  "After entertaining oral argument, the court announced its
    decision to continue the trial and to impose monetary sanctions against [plaintiff's] counsel on the basis
19  of [defendant's] wasted preparation costs."  *Toombs*, 777 F.2d at 471.

20                      Because [plaintiff's] counsel received no advance notice that the
            district court was considering the imposition of sanctions, the question
21          remains whether they had sufficient opportunity to demonstrate that their
            conduct was not undertaken recklessly or willfully.  We conclude that
22          they were given such an opportunity.  At a hearing for which they did
            receive advance notice, [plaintiff's] counsel were able to argue against
23          a motion to strike their brief and exhibits from the record.  Any
            mitigating excuse they might have offered for their conduct presumably
24          would have been forthcoming in that hearing.  Thus, they did receive
            notice that the court would consider their reasons for failing to comply
25          with Local Rule 235-4(j), and had sufficient opportunity to explain their
            conduct. Accordingly, the district court's provision of due process was
26          adequate.

27  *Id.* at 471-72.  The situation in *Toombs* is analogous to the situation in the instant case.  Here, Mr.
    Spielbauer did have advance notice of Saxon's motion to dismiss, and any mitigating excuse he could
28  have offered for reasserting the RESPA and FDCPA claims should have been forthcoming at that
    hearing.

1    1927 cannot be applied to an *initial* pleading." *Id.* at 435 (emphasis added). Here, the Court is

2    dealing with amended counterclaims.

3    C.      Unreasonable and Vexatious Multiplication of Proceedings

4            Under 28 U.S.C. § 1927,

5                    [a]ny attorney or other person admitted to conduct cases in any court
                     of the United States or any Territory thereof who so multiplies the
6                    proceedings in any case unreasonably and vexatiously may be required
                     by the court to satisfy personally the excess costs, expenses, and
7                    attorneys' fees reasonably incurred because of such conduct.

8    28 U.S.C. § 1927. "[S]ection 1927 sanctions 'must be supported by a finding of subjective bad

9    faith'"; "'[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous

10   argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Keegan*, 78

11   F.3d at 436.

12           In the instant case, Mr. Spielbauer makes several arguments as to why the RESPA and

13   FDCPA claims were not frivolous. That, however, is not the issue.[3] The issue is whether Mr.

14   Spielbauer unreasonably and vexatiously reasserted those claims given the Court's ruling on

15   Consumer Solutions's motion to dismiss that those claims were not tenable. *See* Docket No. 102

16   (order, filed on 1/8/2010). The Court held that those claims were not tenable for reasons that were

17   clearly applicable not only to Consumer Solutions but also Saxon. For example, the Court dismissed

18   the RESPA claim -- predicated on the assumption that Consumer Solutions could be held vicariously

19   liable for Saxon's conduct -- because a Qualified Written Request must ask for information relating

20   to the servicing of the loan. "In the instant case, Ms. Hillery's letter of May 24, 2008, simply

21   disputed the validity of the loan and not its servicing (*e.g.*, not whether Saxon had failed to credit her

22   for payments she made pursuant to the loan)." Docket No. 70 (Order at 14). For the FDCPA claim,

23   the Court specifically stated that, "[t]o the extent the FDCPA claim against Consumer Solutions is

24   predicated on Saxon's conduct, the dismissal is with prejudice." Docket No. 70 (Order at 16).

---

26           [3] That being said, the Court notes that, with respect to the FDCPA claim, 15 U.S.C. § 1692g does
     not require an initial communication to contain information about, *e.g.*, the amount of the debt, the name
27   of the creditor to whom the debt is owed, and so forth. The statute provides that, "[w]ithin five days after
     the initial communication with a consumer in connection with the collection fo any debt, a debt collector
28   shall . . . send the consumer a *written notice* containing" those things. 15 U.S.C. § 1692g(a) (emphasis
     added). Mr. Spielbauer's contrary argument is clearly without merit.

**United States District Court**
For the Northern District of California

1    Moreover, the Court expressly stated in its ruling on Consumer Solutions's motion to dismiss

2  that, "although this opinion addresses only the validity of the claims asserted against Consumer

3  Solutions, Ms. Hillery should bear in mind that much of the reasoning would be applicable to any

4  claim asserted against either Saxon or MERS."  Docket No. 70 (Order at 1 n.1).

5    Finally, it should be noted that Mr. Spielbauer explicitly asked the Court for permission to

6  wait to serve Saxon and MERS until after it had ruled on the Consumer Solutions's motion to

7  dismiss, precisely because the rulings on the claims against Consumer Solutions would likely affect

8  the claims asserted against Saxon and MERS.

9    Given the above, Mr. Spielbauer should not have reasserted the RESPA and FDCPA claims

10  against Saxon in the amended counterclaims or, at the very least, in opposing Saxon's motion to

11  dismiss -- which argued for dismissal based on the Court's ruling on Consumer Solutions's motion

12  to dismiss, Mr. Spielbauer should have indicated that the claims were being reasserted simply to

13  preserve the issue for appeal.  Mr. Spielbauer did not take the latter course of action.  Indeed, in the

14  opposition, he fully argued the merits of the claims, requiring Saxon's response.  *See* Docket No. 91

15  (opposition).  Nowhere in the opposition did Mr. Spielbauer acknowledge that the reasoning

16  articulated in the Court order on Consumer Solutions's motion to dismiss applied to Saxon.  Indeed,

17  his briefing contained inaccurate characterization of the Court's prior ruling.  Thus, Mr. Spielbauer's

18  present claim that he "believed that the merits needed to be argued to preserve the issue for appeal,"

19  Opp'n at 3, lacks credibility.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

4

## II. <u>CONCLUSION</u>

Accordingly, the Court, having duly reconsidered the issue of sanctions where Mr. Spielbauer has now clearly been given notice and an opportunity to be heard, concludes that sanctions pursuant to § 1927 are appropriate. Mr. Spielbauer is ordered to pay Saxon sanctions in the amount of $661 within a week of the date of this order.

IT IS SO ORDERED.

Dated: January 28, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**
For the Northern District of California