1  Thomas Spielbauer, Esq.
   SBN 78281
2  THE SPIELBAUER LAW OFFICE
   111 North Market Street, Suite 300
3  San Jose, CA 95113
   MAIL: Post Office Box 698
4  Santa Clara, CA 95052
   (408)451-8499
5  Fax: (610)423-1395
   thomas@spielbauer.com
6
7  Attorneys for Ruthie Hillery, Defendant
       and the Spielbauer Law Firm, Defendant

8  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
9

10
   CONSUMER SOLUTIONS REO, LLC,              No. 08-CV-04357-EMC
11 a Delaware Limited Liability Company,

12                     Plaintiff.

13                                            DEFENDANT RUTHIE
                                              HILLERY'S SECOND AMENDED
   v.s.                                       COUNTER AND CROSS CLAIM
14

15

16 RUTHIE B. HILLERY, an Individual;
   THE SPIELBAUER LAW FIRM, an
17 Unknown Business Entity; and DOES 1
   through 50, inclusive,
18
                       Defendants.
19
   RUTHIE HILLERY,
20
                       Counter-Claimant.
21
   v.s.
22

23

24 CONSUMER SOLUTIONS REO, LLC,
   a Delaware Limited Liability Company,
25 and SAXON MORTGAGE SERVICES,
   INC.,
26
       Counter/Cross-Claim Defendants.
27

28

Defendant and Counter/Cross Claimant Ruthie Hillery alleges and complain of Consumer Solutions REO, LLC and Saxon Mortage Services, Inc. as follows:

## PARTIES

1. Cross and counter Claimant Ruthie Hillery is and at all times herein mentioned was a resident of Contra Costa County, California. Cross and Counter Claimant is hereinafter referred to as C-Claimant.

2. Consumer Solutions REO (hereinafter referred to as CONSUMER ) is a company which does business in the State of California on a regular basis. CONSUMER's principal place of business is located at 12700 Whitewater Drive, Minnetonka, MN 55343. CONSUMER is the plaintiff in this matter and alleges ownership if the promissory note executed by Ruthie Hillery on August 18, 2006 in favor of New Century Mortgage. CONSUMER's agent for the service of process in California is C. T. Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

3. Saxon Mortgage Services, Inc. (herein after referred to as SAXON) is a business entity with a principal place of business located at 4708 Mercantile Drive, Fort Worth, TX 76137. SAXON does business in California and within the County of Contra Costa, California on a regular basis. SAXON was an original plaintiff in this matter and was a servicer for CONSUMER. SAXON's agent for the service of process in California is CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive #100, Sacramento, CA 95852.

4. The Cross and Counter Defendants are herein collectively referred to as C-Defendants.

5. C-Claimant is informed and believes, and thereon alleges, that each C-Defendant is and at all relevant times herein was, the agent, employee, alter-ego, principal, employer, or co-conspirator of each of the remaining C-Defendants, and in committing the acts herein alleged, was acting in the scope of their authority as

such agents, employees, principals, employers, alter-egos, or co-conspirators and with the permission and consent of the remaining C-Defendants.

6. Whenever in this counter and cross claim an act or omission of a corporation or business entity is alleged, the said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation.

7. C-Defendants are subject to and were subject to at the times alleged in this counter-claim and were required to comply with the Federal Truth in Lending Act (15 U.S.C .§§1601-1666j) and with the Act's corresponding Regulation Z (24 C.F.R. §§3500.1-3500.17).

**JOINT VENTURE**

8. At all times during the periods complained of in this counter and cross claim, C-Defendants were engaged in a joint venture amongst themselves and with other unknown third parties. All C-Defendants came together for the purpose of enforcing an alleged secured indebtedness upon the property of 2119 Goff Avenue in Pittsburg, CA 94565 and extracting money from C-Claimant Ruthie Hillery upon threat of seizing her home. They formed this joint venture for this single mortgage and for the series of transactions necessary to enforce this unlawful and rescinded mortgage agreement of August 18, 2006. Each C-Defendant financially benefitted, or intended to benefit from this mutual undertaking. Each C-Defendant complied with the requirements of the other C-Defendants in order to insure that the mutual goal of imposing this exploding invalid and rescinded ARM (adjustable rate mortgage) was fulfilled and each C-Defendant thereby financially profited from this transaction.

**JURISDICTION**

9. The transactions and events which are the subject matter of this counter-claim all occurred within the County of Contra Costa, State of California.

10. The property located at 2119 Goff Avenue in Pittsburg, CA 94565 is located in the County of Contra Costa, California.

11. The legal description of the property located at 2119 Goff Avenue in Pittsburg, CA 94565 is: Lot 27, as shown on the Map Entitled, "Tract 2451, in the City of Pittsburg, California", Filed on August 21, 1956, in the Office of the County Recorder of Said County, in Book 65 of Maps, Page 13, et Seq.. APN 087-192-032-8-01.

**JURY TRIAL DEMAND**

12. Ruthie Hillery requests a jury trial on all issues in this matter.

**FACTUAL ALLEGATIONS**

13. During July/August 2006, Ruthie Hillery had a loan with World Savings. During these months, Ms. Hillery, a senior citizen who is now 72 years of age, was contacted by United Vision Financial through a telemarketing call. Ruthie Hillery's date of birth is May 12, 1936.

14. Jesse of United Vision specifically advised Ms. Hillery that United Vision (the mortgage broker) was a different type of company and that they had a "Senior Citizen" loan program whereby she would not have to make a payment for 5 years. Ruthie was 70 years old at the time. As a result of the numerous and repeated representations by the United Vision representatives, Ms. Hillery applied for a loan over the phone.

15. Shortly thereafter, Ms. Hillery was advised that the loan documents were ready. Ruthie Hillery received no loan documentation nor disclosures prior to the loan execution on August 18, 2006. A notary came to her home on Friday, August 18, 2006 with the documents and conducted a signing on behalf of United

Vision and New Century Mortgage. Ms. Hillery did not understand the documents she was signing but was ushered through the signing process without any meaningful explanation. Her son, Fred Hillery, was out of town during this process and was unaware of this loan signing.

16. This August 18, 2006 forty-year loan was in the amount of $336,000 with monthly payments in the amount of approximately $2,198.72. The starting rate was 7.45% but it had an interest cap of 14.450%, a cap it could reach within approximately 2 years of the first adjustment. Such an adjustment was designed to <u>double</u> Ruthie Hillery's monthly mortgage payment after four years.

17. Her son returned home shortly after Ms. Hillery signed the loan documents and within the three day rescission period. He reviewed the documents and quickly realized the predatory, abusive and costly characteristics of this loan. As a result, Fred Hillery had his mother immediately execute a cancellation. Fred Hillery called New Century Mortgage for instructions as to tendering the rescission. The New Century Mortgage Representative attempted to mislead Fred Hillery, advising him that New Century would not accept a rescission if tendered to it directly. Ms. Hillery nonetheless immediately and legally tendered the cancellation to New Century Mortgage in the manner demanded, and retained a confirmation of delivery proof. She did this on Monday, August 21, 2006. Thereafter, Ms. Hillery returned the cash back check in the amount of $48,311 to Financial Title Company. A copy of the cancellation is attached as Exhibit 2 of this Claim.

18. Four months later, Ruthie Hillery received a letter from New Century Mortgage, in December of 2006, stating that she was in default. Ms. Hillery and her son Fred advised New Century of the cancellation of the loan, and awaited instructions from New Century Mortgage. None never came. Finally, seven months later, on March 19, 2007, New Century Mortgage acknowledged receipt

of Ruthie Hillery's August 21, 2006 rescission. New Century Mortgage advised Ruthie Hillery that she was required to sign a general release pursuant to California Civil Code §1542 before New Century would accept the rescission.

19. New Century's seven month tardy response to Ruthie Hillery's rescission had devastating consequences upon Ruthie Hillery. While Ruthie Hillery could have been restored to her World Savings loan with a timely honor of rescission, this was no longer possible seven months later. The subprime meltdown had already commenced, with one of the first areas to experience the loss of property values being Ruthie Hillery's home town of Pittsburg, California. This upside-down status made refinancing impossible. Additionally, New Century Mortgage shortly thereafter filed for Chapter 7 bankruptcy and is now no longer an existent entity. It is legally dead.

20. The March 19, 2007 letter was the last communication New Century Mortgage had with Ruthie Hillery concerning this alleged mortgage. Then, seven months later, SAXON wrote to Ruthie Hillery (through her then attorneys) on September 28, 2007. In its letter, SAXON demanded that Ruthie Hillery tender $266,379.31 before it would release the security on the property. This letter was written to Ruthie Hillery a year and a month after she rescinded the loan with New Century Mortgage.

21. New Century Mortgage was obligated to cancel the mortgage and return to Ruthie Hillery the security with 20 days after receipt of the notice of rescission in August 2006. In other words, New Century Mortgage was required to effect the mechanics of rescission by mid September 2006.

22. As briefly mentioned supra, in September 2007, SAXON made a demand upon Ruthie Hillery. This demand came with no citation to the right nor authority on the part of Saxon, or Consumer Solutions REO, to demand payment, nor did it come with any proof of note ownership.

23. Subsequently, on or about May 9, 2008, and again coming out of the blue, MERS, through T.D. Service Company, caused to be recorded a notice of default on the property of 2119 Goff Avenue, Pittsburg, CA 94565 (Exhibit 3). MERS demanded an arrearage of $49,743.40 from Ruthie Hillery.  They further demanded an additional arrearage in the notice of default recorded in June 2008.

24. According to the Notice of Default filed on May 9, 2008 (Exhibit 3), MERS claimed to be the Nominee for plaintiff Consumer Solutions REO, LLC. Over a month and a half later, on or about July 21, 2008, this same MERS then assigned the note and trust deed to Consumer Solutions REO as Nominee for the no longer existent and bankrupt New Century Mortgage.

25. Under California Law, a notice of default must include the name, mailing address, and telephone number of the beneficiary.[1]  This May 2008 Notice of (Exhibit 3) reflects that MERS and Consumer Solutions REO were the beneficiaries when in fact the subsequent assignment reflects that Consumer Solutions had <u>NO</u> beneficial interest of any kind in May 2008. The lack of chain of the note and trust deed corroborates this lack of beneficial interest.  And of course, there is no chain establishing that MERS had any interest of any kind in the promissory note.

26. In order words, during May 2008, Consumer Solutions REO initiated the foreclosure of Ruthie Hillery's home a month and a half before it had any legal right to do so.  And MERS supposedly was the nominee of two separate and mutually exclusive beneficiaries, New Century Mortgage and Consumer Solutions REO, both at the same time for the same trust deed.

27. Not to be left out, SAXON took credit for the initiation of the foreclosure proceeding in a letter to Ruthie Hillery dated May 1, 2008.

---

[1] California Civil Code §2924c(b)(1).

28. C-Claimant is informed and believe that C-Defendant Consumer Solutions was responsible for filing yet a second notice of default on Ruthie Hillery's property located at 2119 Goff Avenue, Pittsburg, CA 94565. This recordation occurred during June 2008.

29. During the month of May through September 2008, Ruthie Hillery sent a letters pursuant to Truth in Lending, RESPA, Fair Debt Collection, and California Legal Remedies Act to Saxon, TD Title Company, MERS, Quality Loan Service Corporation, the parties then known to Ruthie Hillery as having some connection this instant matter and parties who were acting as agents for Consumer Solutions REO. These letters are attached as Exhibit 1. None of the recipients responded to her demand letters.

30. Out of an extraordinary abundance of caution, Ruthie Hillery tendered yet a second notice of rescission in her letters commencing May 24, 2008. Again, none of the recipients, to include Consumer Solutions REO through its agents and servicers, did anything in a timely manner. This second twenty date TILA period of rescission expired on midnight of Tuesday, June 17, 2008.

31. SAXON, through its attorney, responded with a letter on September 12, 2008 on behalf of SAXON. In its letter, SAXON stated that Ruthie Hillery's obligation was due. SAXON declined to address any of the other issues raised in the letter. It also declined to justify the $49,743.40 demanded in the Notice of Default (Exhibit 3) or comply with California Civil Code §2943. It also declined to justify the arrears demanded in the June 2008 Notice of Default or comply with California Civil Code §2943. It declined to present any evidence of proper assignment of the note and trust deed, nor establish proper chain of the trust deed or note.

32. On September 17, 2008, Saxon Mortgage and Consumer Solutions REO filed their complaint against Ruthie Hillery and based jurisdiction on a

federal question.

33. SAXON immediately transferred its servicing rights to Everhome Mortgage Company the day before, on September 16, 2008. In other words, the day before prior to filing the complaint in this matter, Saxon assigned/transferred the servicing of this alleged loan to Everhome.

**FIRST CAUSE OF ACTION**
**REQUEST FOR DECLARATORY JUDGMENT**
(All C-Defendants)

34. C-Claimant Ruthie Hillery realleges and incorporates by reference paragraphs 1 to 33 of this claim.

35. An actual controversy has arisen and now exists between Ruthie Hillery and the C-Defendants concerning their respective rights and duties. Ruthie Hillery desires a judicial determination of her rights and duties.

36. On August 22, 2006, Ruthie Hillery rescinded the New Century Mortgage transaction of August 18, 2006. New Century Mortgage did nothing concerning this rescission for seven months, until March 19, 2007. Even thereafter, it did nothing.

37. Specifically, New Century Mortgage did not comply in any manner with the requirements of 15 U.S.C. §1635. As a direct result of its failure to timely act for that extended period of time, Ruthie Hillery lost the ability to refinance her home or re-secure the prior World Savings loan.

38. As a result, the debt incurred by the New Century loan transaction of August 18, 2006 of $336,000 and rescinded on August 22, 2006, and rescinded for a second time during 2008, is an unsecured debt.

39. Ruthie Hillery requests that this Court find that the alleged indebtedness is an unsecured debt, assuming that this Court finds that the indebtedness is valid and properly owned by CONSUMER.

40. Ruthie Hillery further requests that this Court find that any successor in

interest to this New Century loan take this loan subject to any and all infirmities existent to New Century at the time that the successor took the loan transaction.

41. A judicial declaration is necessary and appropriate at this time and under these circumstances in order that Ruthie Hillery may ascertain her rights and duties and avoid the specter of a foreclosure sale and the loss of her home.

42. C-Defendants' actions in this matter have been wilful and knowing.

**SECOND CAUSE OF ACTION**
**TRUTH IN LENDING**
(ALL C-DEFENDANTS)

43. C-Claimant Ruthie Hillery alleges and incorporates by reference paragraphs 1 to 42 of this counter-claim.

44. The federal Truth in Lending Act is contained in The Truth-in-Lending Act (15 USC §§1601-1666j), together with Regulation Z (12 CFR 226).

45. Throughout these events, SAXON and CONSUMER SOLUTIONS had written agreements with each other. Plaintiff is informed and believes that one of the agreements was a pooling and servicing agreement whereby SAXON serviced this alleged loan for CONSUMER SOLUTIONS. Plaintiff is informed and believes that this servicing agreement, as well as other agreements, created an agency relationship between SAXON and CONSUMER SOLUTIONS whereby SAXON was the agent and acted on behalf of CONSUMER SOLUTIONS in these loan events.

46. The documents provided to SAXON and to CONSUMER SOLUTIONS made apparent on their face that the loan transaction had been rescinded prior to May 2007.

47. C-Defendants have refused to provide to C-Claimant through the period of May 2008 through September 2008 the name, address, and telephone number of the alleged owner or master servicer of this mortgage obligation/promissory note. Ruthie Hillery became aware of the alleged owner, along with identifying

information, of the alleged August 18, 2006 promissory note only after she was sued by SAXON and Consumer Solutions REO in September 2008. C-Defendants and their employees and agents have violated 15 U.S.C. §1641(f)(2) by this failure.

48. Ruthie Hillery timely and properly rescinded the loan transaction with New Century Mortgage on or about August 22, 2006. New Century Mortgage, however, refused to honor this rescission within the twenty day statutory period required under 15 U.S.C. §1635f and Regulation Z § 226.23. New Century Mortgage acknowledged this rescission seven months later, on March 19, 2007, demanding a general release and after threatening to foreclose upon Ruthie Hillery's home during the latter part of the year 2006 unless she paid on the rescinded loan transaction.

49. As a direct result of New Century's failure to honor the timely rescission, Ruthie Hillery lost the terms of the prior World Savings Loan on her home.

50. As a result of New Century's failure to honor the timely rescission, 15 U.S.C. §1635(b) provides that Ruthie Hillery he is not liable for any finance or other charge, and any security interest given by Ruthie Hillery in August 2006 became void upon rescission.

51. Despite Section 1635(b), defendants and their agents have attempted to unlawfully charge Ruthie Hillery charges and fees, setting forth in the Notice of Default of May 2008 an arrearage demand of $49,743.40. They also demanded, unlawfully, charges and fees as arrears in their June 2008 Notice of Default.

52. Additionally, none of the defendants nor their predecessors in interest at return to the Ruthie Hillery any undertook the actions necessary or appropriate to reflect the termination of any security interest created under August 18, 2006 loan transaction, within twenty days of August 18, 2006.

53. All of these defects were apparent on the face of the loan documents and the rescission of this loan transaction was apparent on the face of the loan transaction documents at the time that New Century Mortgage filed for Chapter 7 bankruptcy. As a result, all successors in interest to this August 18, 2006 loan take is subject to these TILA violations.

## THIRD CAUSE OF ACTION
## ELDER FINANCIAL ABUSE
(Saxon Only)

54. Ruthie Hillery realleges and incorporates by reference paragraphs 1 through 53 of this complaint.

55. The Elder Abuse and Dependent Adult Care Civil Protection Act (California Welfare and Institutions Code §§15600 to 15650) provides for the protection of the elderly. The Act applies any person 65 years of age or older. Ruthie Hillery was 70 years of age during all acts complained of in this complaint.

56. California Welfare and Institutions Code §15610.30 deals specifically with Financial abuse of an elder. Financial abuse occurs when a person takes or assists in the taking of property, including real property, belonging to a person over 65 years of age. These acts include theft, wrongful use, intent to defraud, and/or bad faith.

57. The circumstances of financial elder abuse have been set forth, and repeated, in this complaint. The elder abuse perpetrated by SAXON include demanding money from Ruthie Hillery that they are not entitled to, particularly mortgage payments from the alleged August 18, 2006 New Century Mortgage loan and the payment of principal from that lawfully rescinded and now void loan. They have done this by attempting to enforce a rescinded loan transaction, rescinded pursuant to 15 U.S.C.§1635f; by recording bogus and unlawful notices of default against Ruthie Hillery's home in May 2008 and again in June 2008; by demanding an arrearage of $49,743.40 in their May 2008 Notice of Default; by

unlawfully (and in violation of the Truth in Lending Act) demanding an arrearage in their June 2008 Notice of Default; by failing to respond to Ruthie Hillery's letters which are attached as Exhibit 1 to this claim; by failing to produce any proof of ownership of the note or right to demand payment on the note of August 18, 2006 or assignment of that note; by failing to timely identify the owner and beneficiary of the alleged August 18, 2006 note when asked in the letters which are in Exhibit 1, a disclosure required by Truth in Lending Act (15 U.S.C. §1641(f)(2)); by failing to timely provide a beneficiary statement as mandated by California Civil Code §2943, doing this to conceal the fact that they were seeking to impose upon Ruthie Hillery unlawful charges and fees.

58. The actions of SAXON in this matter have been wilful, fraudulent, malicious, and undertaken in bad faith.

## PUNITIVE DAMAGES
(Saxon Only)

59. C-Claimant Ruthie Hillery realleges and incorporates by reference paragraphs 1 to 58 of this counter-claim.

60. Ruthie Hillery alleges that SAXON is guilty of malice, fraud and oppression as defined by California Civil Code §3294, and that Ruthie Hillery should recover, in addition to actual damages, damages to make an example of and to punish SAXON for its actions.

## PRAYER

WHEREFORE, C-Claimant Ruthie Hillery prays judgment as follows:

1. For a declaration of the following:

    a. Ruthie Hillery properly and timely exercised her rights under the Federal Truth in Lending Act and Regulation Z. That Ruthie Hillery properly rescinded this loan transaction of August 18, 2006 within the statutory time, on or about August 22, 2006. That Ruthie Hillery again rescinded the loan during May 2008 through July 2008 for a second time. As a result, CONSUMER does not

hold a valid security interest in the property of 2119 Goff Avenue in Pittsburg, CA 94565. The Federal Truth in Lending Act thereafter required New Century Mortgage to release the alleged security in this property within the 20 days mandated by TILA, something which New Century and then subsequently CONSUMER deliberately failed to do.

      b. Due to its failure to comply with the mandates of the Federal Truth in Lending Act, that the loan transaction of August 18, 2006 is void and unenforceable and that New Century and thereafter CONSUMER has equitably forfeited its right to restitution or tender as a secured transaction due to its actions in this matter. As a result, the loan transaction of August 18, 2006 is an unsecured transaction, and that while some of the promissory note of August 18, 2006 may be an indebtedness, the deed of trust securing that note is invalid, void and unenforceable.

      c. SAXON is culpable of elder financial abuse, as prohibited by California Welfare and Institutions Code §§15600 to 15657.

2. For judgment restoring Ruthie Hillery's fee simple title to 2119 Goff Avenue, Pittsburg, CA 94565.

3. That Ruthie Hillery be declared to be the prevailing party in this matter.

4. For a permanent injunction prohibiting the sale of Ruthie Hillery's home.

5. For attorney fees, costs, general and special damages, and punitive damages as permitted by Welfare and Institutions Code §15657.5(a) and (b).

6. Actual damages, attorney fees, and costs, and rescission of the promissory note of August 18, 2006 and the trust deed of that date, as permitted by the Federal Truth in Lending Act, (15 U.S.C .§§1601-1666j).

7. For rescission of the promissory note of August 18, 2006 and the trust deed of that date.

8. For attorney fees pursuant to California Civil Code §1717 and Code of

Civil Procedure §1021.5.

9. For general and special damages according to proof.

10. For punitive damages

11. For costs of suit herein incurred; and

12. For such other and further relief as the court may deem proper.

SPIELBAUER LAW OFFICE



Thomas Spielbauer, Esq.
Attorney for C-Claimant